## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVION COOPER, #59161, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:07-CV-543-WKW |
| | ) | |
| COMMANDER KEITH REED, | ) | |
| | ) | |
| Defendant. | ) | |

## SPECIAL REPORT AND ANSWER

Comes now defendant, **Commander Keith Reed,** in the above styled cause and for Answer to plaintiff's Complaint, states as follows:

1.     As to Paragraph 1 of plaintiff's Complaint, defendant asserts that at this time he is without personal knowledge or information sufficient to form a belief as to the truth of the averments.

2.     As to Paragraph 2 of plaintiff's Complaint, defendant asserts that at this time he is without personal knowledge or information sufficient to form a belief as to the truth of the averments.

3.     As to Paragraph 3 of plaintiff's Complaint, defendant denies that the constitutional rights of plaintiff have been violated and demands strict proof thereof.

4.     As to Paragraph 4 of plaintiff's Complaint, defendant denies that plaintiff's constitutional rights have been violated at any time.

5.      As to Paragraph 5 of plaintiff's Complaint, defendant denies that plaintiff's Constitutional rights have been violated. Defendant asserts that while in the Houston County Jail, plaintiff has never been wrongly deprived of a right protected by the United States Constitution and the court decisions interpretive thereof. For more complete factual information regarding plaintiff's Complaint and defendant's response thereto, please refer to the **Affidavit of Commander Keith Reed** (Exhibit "1").

6.      As to Paragraph 6 of plaintiff's Complaint, defendant asserts that the plaintiff is not entitled to any relief from this Court as there has been no violation, constitutional or otherwise.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and the claims therein, or alternatively portions thereof, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any allegations of plaintiff's Complaint not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

### THIRD DEFENSE

Should the Plaintiff's complaint be construed to claim punitive damages, Plaintiff is not entitled to any award of punitive damages should this complaint be construed to request them.

### FOURTH DEFENSE

Defendant asserts that cities and counties are absolutely immune from punitive damages under §1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

## FIFTH DEFENSE

Plaintiff is not entitled to any relief requested in the Complaint.

## SIXTH DEFENSE

There is no causal relation between the acts of the defendant and any injury or damage allegedly suffered by the plaintiff.

## SEVENTH DEFENSE

Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom defendant had no control or right of control.

## EIGHTH DEFENSE

Defendant affirmatively avers that all of his actions were taken in good faith. Plaintiff cannot recover based upon plaintiff's conclusory, unsupported, bareboned and vague allegations against defendant as they are unsupported by fact or law.

## NINTH DEFENSE

The allegations contained in plaintiff's Complaint against the defendant, sued in his individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

## TENTH DEFENSE

Defendant affirmatively denies any and all alleged claims by the plaintiff concerning his alleged deprivation of civil rights.

## ELEVENTH DEFENSE

Should the plaintiff's complaint be construed to state claims under Alabama law, all state claims against defendant in his official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

## TWELFTH DEFENSE

All federal claims against defendant in his official capacity are barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

## THIRTEENTH DEFENSE

In addition to defendant's Eleventh Amendment argument, he further contends that he is not "a person" within the meaning of 42 U.S.C. § 1983. The plaintiff, by suing defendant in his official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304, 2312 (1989) and Hafer v. Melo, 502 U.S. 21, 22-23 (1991).

## FOURTEENTH DEFENSE

Defendant asserts the defense of qualified immunity. Further, defendant pleads the privileges, qualified immunities, substantive immunities, state law immunities, absolute immunities, defenses and good faith immunities given to officers of the law, governmental entities or otherwise in the above-styled cause. Defendant stated that any action taken by him was made in good faith and in the performance of his duty as Sheriff, Deputy, Officer or Sheriff Department Employee of

Houston County, Alabama.

## FIFTEENTH DEFENSE

Defendant asserts and pleads the defense of substantive or state law immunity under the law of the State of Alabama.

## SIXTEENTH DEFENSE

Defendant asserts and pleads sovereign immunity provided by Alabama Constitution 1901, Article I, §14.

## SEVENTEENTH DEFENSE

Defendant asserts that the allegations within the Complaint and the facts as will be developed are insufficient to invoke the jurisdiction of this Court.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint does not allege a violation of rights secured by the United States Constitution.

## NINETEENTH DEFENSE

Defendant pleads and asserts the statutory immunity provided by Act of the Alabama Legislature, designated as *Act Number 94-640*, effective April 26, 1994, and Codified as *Ala. Code § 6-5-338,* which provides absolute immunity to all peace officers and governmental units.

## TWENTIETH DEFENSE

That the plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to *42 U.S.C. § 1997e(a).* Specifically, plaintiff has filed this lawsuit against the Houston County Commission without first presenting his claim to the county

commission as required by *Ala. Code § 6-5-20;* plaintiff has filed this lawsuit against defendant who is a state officers without first exhausting his administrative remedies by filing a claim with and proceeding before the Alabama State Board of Adjustments as required by *Ala. Code § 41-9-60;* and plaintiff has failed to pursue the administrative remedies available to him in the Houston County Jail by virtue of the grievances procedures provided to the inmates therein.

## TWENTY-FIRST DEFENSE

That the Prison Litigation Reform Act amendment to *42 U.S.C. §1997e(c)* mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks money damages from a defendant who is entitled to immunity.

## TWENTY-SECOND DEFENSE

That the plaintiff does not properly plead or otherwise specifically show a physical injury as required by *42 U.S.C. §1997e(e)* which provides that

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

## TWENTY-THIRD DEFENSE

That the plaintiff failed to comply with *28 U.S.C. §1915* with respect to the requirements and limitations inmates must follow in filing in forma paupers actions in federal court.

## TWENTY-FORTH DEFENSE

That, pursuant to *28 U.S.C. §1915(f),* plaintiff be required to make payment for all court costs in this matter in the same manner as provided for filing fees in *28 U.S.C. §1915(a)(2).*

---

## TWENTY-FIFTH DEFENSE

Pursuant to *28 U.S.C. §1915A*, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who is a state officer entitled to immunity. These same standards are continued and provided for in *42 U.S.C. §1997e(c)*.

## TWENTY-SIXTH DEFENSE

Defendant asserts the affirmative defense of the contributory negligence of plaintiff.

## TWENTY-SEVENTH DEFENSE

Defendant asserts the affirmative defense of the assumption of the risk by plaintiff.

## TWENTY-EIGHTH DEFENSE

Defendant asserts the truth as a defense in this case.

## TWENTY-NINTH DEFENSE

Defendant asserts the affirmative defense of waiver which constitutes an avoidance or affirmative defense in this action.

## THIRTIETH DEFENSE

Defendant denies that he breached a duty or obligation owed to the plaintiff.

## THIRTY-FIRST DEFENSE

Should the plaintiff's complaint be construed to claim punitive damages, plaintiff's claims for punitive damages are barred by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27*.

### THIRTY-SECOND DEFENSE

Defendant is entitled to immunity under state law from any state law claims deemed to be asserted by the plaintiff. *See* Ex parte Thomas J. Purvis (re: Ackers v. Mobile County, et al.) 689 So.2d 794 (Ala. 1996) and Alexander v. Hatfield, 652 So.2d 1142 (1994).

### THIRTY-THIRD DEFENSE

Defendant is immune from punitive damages under *42 U.S.C. § 1983 and 42 U.S.C. § 1985.*

### THIRTY-FORTH DEFENSE

With regard to any state law claims, Defendant asserts absolute state law immunity with regard to all state law claims asserted against him in his official and individual capacities. *See* Ex parte Jason Lowell Blankenship, 893 So.2d 303 (Ala. 2004) (Where the Alabama Supreme Court held that not only should the case involving state law claims have been dismissed by the trial court, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case.)

### THIRTY-FIFTH DEFENSE

To the extent that plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See* White v. Birchfield, 582 So.2d 1085 (Ala. 1991); and Hardin v. Hayes, 957 F.2d 845 (11th Cir. 1992).

### THIRTY-SIXTH DEFENSE

Plaintiff's complaint does not contain sufficient allegations of an affirmative causal link between the defendant's alleged conduct and the alleged constitutional deprivation. *See* Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir. 1992); and Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.

1990).

## THIRTY-SEVENTH DEFENSE

The plaintiff cannot recover against defendant in this case because Alabama law provides sufficient due process remedies for the allegations made by plaintiff herein and such remedies are constitutionally adequate.

## THIRTY-EIGHTH DEFENSE

Defendant further requests this Court to strike all claims against fictitious defendants as there is no fictitious party practice under the Federal Rules of Civil Procedure.

## THIRTY-NINTH DEFENSE

Defendant asserts that plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to *42 U.S.C. § 1988* to award defendant reasonable attorneys fees and costs incurred in the defense of this case.

## FORTIETH DEFENSE

Under the facts as stated in the Complaint, Defendant, as sued in his official capacity, is entitled to qualified immunity from suit as any stated violation of a constitutional right was not clearly established as of the date of the occurrences made the basis of the Plaintiff's complaint. Further, the Complaint does not allege that Defendant participated directly in any alleged constitutional violation, nor are there any allegations of an affirmative causal link between Defendant's conduct and the alleged constitutional deprivation. Therefore, defendant Commander Reed is entitled to qualified immunity from suit.

Defendant respectfully requests this court to treat this Special Report and Answer as Motion for Summary Judgment.

Respectfully submitted,

SHERRER, JONES & TERRY, P.C.

s/Gary C. Sherrer
GARY C. SHERRER, ATTORNEY FOR
THE ABOVE-REFERENCED DEFENDANT
Alabama Attorney Code No. SHE-016

OF COUNSEL:

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama  36301
(334) 678-0100

# CERTIFICATE OF SERVICE

I, Gary C. Sherrer, hereby certify that I have served a copy of the foregoing Entry of Appearance upon Davion Cooper, #59161, c/o Houston County Jail, 901 East Main Street, Dothan, Alabama 36301, by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this 15th day of August, 2007.

s/**Gary C. Sherrer**
OF COUNSEL

# AFFIDAVIT OF COMMANDER
# KEITH W. REED

# EXHIBIT 1

# TO SPECIAL REPORT AND ANSWER

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DAVION COOPER, #59161,      )
                               )
     **Plaintiff,**            )
                               )
v.                            ) CIVIL ACTION NO.: 1:07-CV-543-WKW
                               )
COMMANDER KEITH REED,    )
                               )
     **Defendant.**          )

## <u>AFFIDAVIT</u>

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority for administering oaths, personally appeared **Keith W. Reed** of the Houston County Sheriff's Department, who is the Commander-Jail Operations for the Houston County Sheriff, Houston County, Alabama, who being by me first duly sworn, deposes and says as follows:

I am Keith W. Reed and I am the Commander-Jail Operations of the Houston County Jail, Houston County, Alabama and have been employed by the Houston County Sheriff since March of 2007. My principal duties involve the administration of the Houston County Jail. Unless otherwise indicated herein, I have personal knowledge of the facts and information contained herein. I make



EXHIBIT
1

this affidavit after review of the plaintiff's jail inmate file and the subject matter of plaintiff's Complaint in an attempt to address plaintiff's claims in this case.

The Houston County Jail, as a part of the Inmate Rules and Regulations, provides for an inmate Grievance Procedure. According to plaintiff's inmate file, the plaintiff has filed four (4) grievances, some of which directly related to the factual situation made the basis of plaintiff's complaint. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the Inmate Rules of the Houston County Jail which contain the inmate instructions on filing a grievance are attached hereto as **Exhibit A** and are incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-301 of the Houston County Jail Policy and Procedure Directive relating to Inmate Rules and Regulations is attached hereto as **Exhibit B** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of Policy Number E-302 of the Houston County Jail Policy and Procedure Directive relating to Receipt of Inmate Rules and Regulations is attached hereto as **Exhibit C** and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of the plaintiff's Jail Docket Card showing that the plaintiff received a copy of the Inmate Rules is attached hereto collectively as **Exhibit D**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary course of the operation of the Houston County Jail of an Inmate Grievance Form available to and as provided to inmates is attached hereto as **Exhibit E**, and is incorporated herein by reference as if fully set forth. A true and correct copy as kept in the ordinary

course of the operation of the Houston County Jail of Policy Number E-401 of the Houston County

Jail Policy and Procedure Directive relating to Inmate Grievances is attached hereto as **Exhibit F**

and is incorporated herein by reference as if fully set forth.

I am one of the custodians of the records maintained by the Houston County Jail. A true and

correct copy of the plaintiff's jail inmate file as of July 8, 2007 as maintained by the officers of the

Houston County Jail in the ordinary course of the Jail's day to day business is attached hereto as

**Exhibit G,** and is incorporated herein by reference as if fully set forth.

In addition to funding three full time nurse positions, a full time Certified Physicians

Assistant, a doctor contracted as the staff doctor and a registered supervising pharmacist for the

provision of medical care to inmates such as the plaintiff, the County Jail provides a general medical

clinic for medical problems that may arise in the jail.  The medical clinic is held daily, Monday

through Friday. The clinic is staffed by the staff physician and/or the Certified Physicians Assistant

under the supervision of the physician.  The nurses are in the Pods each day passing out inmate

medications as well.  Thus, inmates are given daily access to nursing services, hospital emergency

room services, if necessary, and the general medical clinic.  In addition, the doctor or physicians

assistant is on call nightly and on weekends so there is generally medical treatment available "on

call" to the jail on a 24 hour a day, seven days a week, basis.

It is the policy of the Houston County Jail that all requests for medical treatment are

forwarded to the jail medical staff with the expectation that appropriate and necessary medical

treatment will be provided to or obtained for the inmate.

With regard to plaintiff's allegations in his complaint regarding "unsanitary conditions," jail rules make it the responsibility of each inmate to clean their pods, which include shower areas, dayrooms and sleep areas as stated in **Exhibit A,** Inmate Rules of the Houston County Jail. Inmates are given cleaning products and cleaning supplies each day to clean their cells and pods. Inmates who do not follow the rules are subject to inmate disciplinary action according to established disciplinary procedure.

Shower walls were previously decontaminated with germicidal spray on a weekly basis. This germicide was causing the paint to peel from the shower walls. Contractors began installation of stainless steel shower walls in Pods A through H on January 11, 2007 and completed installation of the stainless steel shower walls on January 19, 2007. The shower walls are now cleaned and decontaminated using another type of disinfectant.

The Houston County Health Department inspects the inmate housing facility and food service area of the Houston County Jail on a quarterly basis. The inspection report(s) during the time complained of by the plaintiff do not list mold or mildew or the presence of bugs in E Pod and none was reported by corrections officers who conduct the cleaning inspections.

The Houston County Jail contracts out its pest control service to the commercial contractor who sprays all Houston County buildings. The jail is sprayed "as often as necessary in order to control household pests" in all ten Houston County buildings.

All of the vents and all of the duct work in the jail have been thoroughly cleaned within the past month. The thorough cleaning of all duct work and vents began July 24, 2007 and was completed August 10, 2007.

The ordinary cleaning and maintenance of the heating and cooling system (includes the "ventilation system") is performed by the Houston County Maintenance Department as with all Houston County buildings. The jail heating and cooling system has a two-stage filtering system with both prefilters and filters. Both types of filters are changed every three months.

KEITH W. REED

STATE OF ALABAMA,

HOUSTON COUNTY.

Before me, the undersigned authority, personally appeared **Keith W. Reed**, who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the 15th day of August, 2007.

NOTARY PUBLIC
My Commission Expires:    12-9-08

# INMATE RULES OF THE HOUSTON COUNTY JAIL

# EXHIBIT A

# TO AFFIDAVIT OF COMMANDER KEITH W. REED

# HOUSTON COUNTY SHERIFF'S DEPARTMENT
## JAIL DIVISON
### LAMAR GLOVER, SHERIFF

### INMATE RULES

Order is essential to the safe and secure operation of the jail. Inmate Rules describe the expected behavior of all inmates. Inmates found in violation of rules will be subject to disciplinary action or criminal action depending on the type of violation. Some rule violations will subject the inmate, if found guilty, to sanctions or restriction of privileges. All inmates found guilty of rule violations have a right to appeal. Appeals must be submitted within 24 hours after receiving the sanction or restriction.

### RULES

1.  Uniforms (jump suits) will be worn at all times when an inmate is outside his/her cell. The uniform must be worn with the wording "Houston County Jail" on the outside, and the uniform must be buttoned completely. While in the recreation area, inmates may wear the uniform top down around their waist, but they must be wearing a T-shirt. However, females must wear a bra under their T-shirts. No bare skin will be exposed.

2.  No foreign objects will be placed in the jail doors to keep the door open or prevent locking. All inmates housed in a cell will be required to keep the cell clean and free of debris.

3.  No paper products or any other type product will be placed over cell windows, vents, doors, cell lights or on walls.

4   No inmate will behave in any manner that is disrespectful to any Sheriff's Department personnel, visitors, or other inmates.

5.  No inmate will initiate any physical contact, assault or attempt to assault, nor perform any act that will endanger any Sheriff's Department personnel, or any other officer, inmate or visitor.

6.  No inmate will waste, abuse, damage, or steal county property or personal property belonging to another inmate.

7.  No inmate will incite any action that will threaten the safety or order of the jail.

8.  No inmate will commit any lewd or indecent sexual act or exhibitions.

901 East Main Street • Dothan, AL 36301
(334) 712-0762 • Fax (334) 671-9479



EXHIBIT

A

9.   No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or alcohol.

10.   Inmates must maintain their cells and common areas in a clean, sanitary, and orderly condition.

11.   No inmate will interfere with Sheriff's Department personnel, nor disobey an order or instructions given by Sheriff's Department personnel.

12.   No inmate will leave his/her authorized area.  Inmates must roll-in to their cells when told to do so.   Females must be seated on their bunk.

13.   Inmates must roll-in at all roll-in times.  Inmates assigned to day room access must be on their mattress at all roll-ins.

14.   No inmate will be allowed to wear a cap, scarf, hat, headrag, etc., or anything covering their hair or head.

15.   No inmate will touch or place any item on the sprinkler head in their cell.

16.   Inmates will not press the call buttons except in case of emergency.

17.   No inmate will pass any item from one pod to another.

18.   Inmates **must** wear identification arm band at all times.

## DAILY SCHEDULE

1.   Roll In/Roll Out times will be posted in the pod.

2.   Inmates will roll-in at shift change times for inmate count and any other time when called by the officers.

3.   Showers will be taken during the following hours:  1:00 P.M. - 2:30 P.M. and 3:30 P.M. - 8:30 P.M.

4.   Religious services will be held on nights scheduled by the Jail Commander.

5.   Meals will be served beginning at approximately the following times:    Breakfast - 5:00 A.M.
             Lunch - 11:00 A.M.
             Supper - 5:00 P.M.

Each inmate is responsible for getting their own tray.  Cups **will** be taken up after the supper meal and returned at the breakfast meal.

2

## PERSONAL ITEMS ALLOWED

### A.  Items Issued

| | |
|---|---|
| Uniforms | Blanket |
| Mattress | Toothbrush |
| Mattress Cover | Comb |
| Laundry Bag | Soap |
| Towel | Toilet Paper |
| Bath Cloth | Toothpaste |

### B.  Clothing Allowed to be Brought Into the Facility

1.  Undergarments, 6 pair, white only
2.  Socks, white only, 6 pair
3.  T-shirts, (6) white only (no tank-tops or pockets)
4.  Sweatshirt, or thermal underwear, 1 each, elastic waistband, no pockets
5.  Shower shoes, 1 pair
6.  Tennis shoes, 1 pair, no shoestrings.  No boots, clogs or sandals - must be new
7.  Bras, 3, white, no underwire

### C.  Hygiene Products Allowed
####      (One Each)

1.  Stick deodorant
2.  Bar soap (no liquid soap)
3.  Shampoo (clear plastic bottle)
4.  Hair grease/gel

All hygiene products must be the original container, clear plastic and must have see-through contents and original seal.  Never opened. (See Inmate Hygiene Policy page 10)

### D.  Other Items Allowed

1.  Legal papers
2.  Personal letters (Not to exceed 10 letters)
3.  Soft-back Bible
4.  2 legal pads, letter size, no wire binding
5.  25 envelopes with stamps
6.  2 pencils, lead
7.  2 pens (non-retractable, non-metal point, see-through) (no crayons, colored pencils, highlighters or markers allowed)

### E.  Commissary Purchases

1.  Weekend visitors whose name appears on an inmate's visitation list may deposit commissary money only into the inmate commissary fund of the inmate being visited.

2.  Cash money and only correct amount will be accepted.

**Coins will not be accepted.**

3.  Only certified checks or money orders will be accepted through the mail.

4.  Inmate workers assigned to outside duties will only be allowed to contribute to inmate workers fund on Saturdays and Sundays. Each inmate is allowed $25.00 per week or $5.00 per day. (Inmates are not permitted to have money in the pods or on their person.)

## F.  Acceptance of Personal Items

The personal clothing worn by an inmate at booking, along with other personal items that are not considered contraband, will be stored in the property room and given back to the inmate at release. **The inmate must sign a property return receipt at release or transfer time.** If considered contraband, i.e., cigarettes, lighters, it will be destroyed after 3 days if not picked up by family members.

## G.  Television

The televisions are provided in the facility for the convenience and entertainment of the inmate. The floor officer may change channels when he/she deems necessary. The television may be turned off or removed for disciplinary reasons at the discretion of the floor officer.

## H.  Cell Assignments and Institutional Living

The inmate's cell assignment is the responsibility of the Records and Classification Division. Inmates must return to their assigned cells at all roll-in times.

**When the inmate leaves his/her cell for the dayroom, the bed must be made up neatly.**

Personal items must be stored in the drawer underneath the bunk. Items will not be stored underneath the mattress. Inmates must not alter or destroy any lights, walls, fixtures, or plumbing located in a cell. Inmates assigned to cells without a drawer may place their items neatly at the foot of the bunk.

## J.  Jail Library

Library books are available once a week at the discretion of the Sergeant assigned library duty. Inmates may check out a maximum of two books per week.

## K.  Inmate Workers (Trustees)

4

1.  Requirements for inmate workers:

   a.  Inmate must be convicted.
   b.  Inmate must not have a record of violence or
       sexual crimes or be a high risk.
   c.  All inmates must be medically approved.
   d.  The Jail Commander must approve all inmate workers.
   e.  Inmate must not be convicted of manufacturing or
       trafficking in drugs.

2.  Rules of inmate workers:

   a.  Inmate workers must perform work duties as
       assigned.
   b.  Workers must remain in work areas assigned and may
       be searched at any time.
   c.  Outside workers must inform control of their duties
       and location at all times.
   d.  Inmate workers must not enter control room or
       jailer's booth unless escorted.

## L.  Recreational Activities

Basketball goals have been installed in the recreation
areas, and their use is determined by the Sergeant on duty,
weather permitting.

## M.  Telephone Calls

1.  Inmates will not receive any telephone calls, nor will
    any messages be forwarded for calls.

2.  Legitimate emergency messages will be handled by the
    supervisor on duty.

3.  The jail personnel will only give out the charge,
    amount of bond, or sentence regarding an inmate.

4.  Inmates may make collect calls using the inmate
    telephone system located in the dayroom.  These
    calls may be monitored or recorded.

5.  **Upon written request by inmate, the receptionist
    may call and leave a message for an attorney.**

6.  Inmates are not allowed to use a phone in the
    docket area except at the time of booking.

7.  Upon written request by an inmate, the docket officer
    will call a bonding company of the inmate's choice.

## N.  Visitor Information

1.  **The Houston County Jail is a non-contact visiting jail.**
    Only attorneys meeting in private conference with

inmate clients are allowed contact visits.

2. Inmates must complete a visitor list to see visitors. Visitors will not be allowed a visit if their name is not on the visiting cards, including children. Visiting list is restricted to only 8 names.

3. After 7 days, including entry day, the visitation list will not be changed, added to, or deleted, for a period of 60 days.

4. Visitors 16 years and older must present a current photo ID or driver's license before entry. Visitors under 16 years must have a social security card or a birth certificate, or be admitted at the discretion of the supervisor.

5. Only two (2) people, including children, will be allowed to visit per inmate. Visitors must come and leave together. **Split visitation is not allowed.**

6. For cause, the supervision of the jail may refuse an inmate's visitation privileges.

7. Visitor cards will be held by the visitation officer in the lobby. Times will be noted on the card.

8. Weekday visitation may be approved if **proper identification and proof of residency is presented. Weekday visits will only be approved if the visitor shows proof that their residence is a minimum of 100 miles from the Houston County Jail.** Out of town visits are for visitors who can not visit on regular visiting days and proof of the fact is presented. A visitor may not visit on the weekend and during the week day.

9. Inmates are not allowed visitors while serving time on lockdown or lock up time.

10. Visitors will be arrested and prosecuted for bringing or attempting to bring contraband into the jail.

11. Visitors will not wear mini skirts, shorts above the knee, halter tops, tank tops, spaghetti straps, strapless/slit dresses. No see-through clothing or low cut necklines will be worn. No visitor will wear any clothing that exposes the body to bare skin from the shoulders to the knees. Arms are excluded.

## VISITING SCHEDULE

SATURDAY:          8:00 AM to 10:30 AM
                   Pods M thru O, and female inmates,
                   trustees and weekend dorms

6

SATURDAY:        1:00 PM to 3:30 PM
                 Pods I, J, K, L, holding and Nursing

SUNDAY:          8:00 AM to 10:30 AM
                 Pods A thru D

SUNDAY:          1:00 PM to 3:30 PM
                 Pods E thru H

## MAIL

1.  Letters will be inspected for contraband to ensure
    facility safety.

2.  No hand-delivered mail or packages will be accepted.
    Envelopes larger than 5X7 will not be accepted.

3.  Inmates may receive money orders through regular mail.
    The money order must be made payable to:  **Inmate
    Drawing Account.** and **must include the inmate's name
    and inmate number.**

4.  **Mail received by the inmates will be documented,
    opened, and inspected before delivery to the inmate.**
    Legal mail received by the inmate will be opened by
    the officer in the presence of the inmate **but not read.**

5.  Outgoing mail will be taken up each morning by the
    corrections officer.  Incoming mail will be delivered
    to the inmate daily.

6.  All incoming and outgoing mail must have the sender's
    **first** and **last name.**  No nicknames will be accepted.
    The envelope must bear the sender's complete address.

EXAMPLE:   John Doe Pod A, B, C, D
           901 East Main Street
           Dothan, Alabama 36301

                              Jane Doe Pod Location
                              901 East Main Street
                              Dothan, Alabama 36301

## LAW LIBRARY

The facility has a constitutionally accepted law library
for inmate use.  The inmate must submit a request to the
sergeant on duty to visit the library.  The sergeant will
arrange for use of the library by pod designation.  Inmates
cannot remove any book from the library.  The facility does
not provide a librarian.

## LIVING AREA REQUIREMENTS

A.  Inmate towel and bath cloth must be hung on the foot of the bed and be centered. The towel will be hung first and the bath cloth hung neatly on the top of the towel.

B.  Shoes will be placed underneath the right side of the bunk at the foot of the bunk with toes turned out.

C.  The bunk will be neatly made.

D.  Bunks will be in compliance from 8:00 AM to 9:00 PM Monday through Friday.

E.  On Saturday and Sunday, bunks will be in compliance from 10:00 AM to 9:00 PM.

F.  No items will be stored underneath the bunk except shoes. The inmate must keep his area clean and clear of litter.

G.  No items of any kind will be placed or stored on the window sill of the cell.

## MEDICAL CARE

A.  Inmates are charged a co-pay for medical care at the jail. Inmate medical care is **not** free. Alabama law dictates that inmate medical service is free when the inmates "are unable to provide for themselves," (Code of Alabama 14-6-19).

B.  Inmate medical co-pay is taken from the inmate's commissary funds.

C.  The inmate will be charged a co-pay for each medical visit and each medical service based on the following fees:

| | |
|---|---|
| Hospital Visit | $20.00 |
| Doctor Visit | $20.00 |
| Practioner Visit | $20.00 |
| LPN Visit | $ 5.00 |
| EMT Visit | $ 2.00 |
| Lab/X-Ray | $20.00 |
| Prescription (each) | $10.00 |
| Non-Prescription (each) | $ .50 |
| Dental visit | $20.00 |

D.  Inmates who request medical clearance to perform trustee duties and then refuse to work will be charged $98.00, or actual cost, for their lab work.

E.  Inmates are not allowed to ask questions during medication pass.

F.  Med call is announced prior to the nurse arriving

in each area.  Any inmate not standing in line by
the door will forfeit their medication and be
noted as being absent.

## CHAPLAIN SERVICES

A.  The jail has a staff chaplain on part-time duty.
However, a 24-hour call is maintained for inmates
who request emergency service.

B.  Inmates **must** request chaplain service.  Inmate request
forms may be obtained from the corrections officer on
duty.

C.  Inmates who are members of an established religious
body may be visited by the clergy of the religious
body at times listed, Monday thru Friday, during the
hours:   9:00 A.M. - 11:00 A.M.
         1:00 P.M. - 2:30 P.M.
         3:30 P.M. - 4:30 P.M.
except during lock-up times or when the inmate is on
disciplinary lockdown.  At the discretion of the
supervisor on duty, inmates on disciplinary lockdown
may be visited by clergy.

D.  Clergy must show proof that they are ministers of
an established religious body of which the inmate
desiring a visit is a declared member and complete a
visitation form provided by the jail facility before
they are allowed visitation.  Ministers are required
to complete the visitation form only once.

E.  **Pastoral visits are discouraged on Saturdays and
Sundays due to weekend visitation except during
emergency situations.**

F.  Non-denominational services are held during the
evenings on Monday, Tuesday, and Thursday, of
each week.  Other services and classes are held
at the discretion of the chaplain.

G.  Attendance at religious services is not mandatory
for the inmate.  The privilege to attend religious
services may be revoked by the supervisor on duty
for misbehavior during the service or any violation
of the inmate rules.

H.  Clergy who have family members that are incarcerated
and a member of the clergy's religious body may visit
the inmate once as clergy.  The remaining visits will
be on regular visiting time assigned to the inmate.
Clergy will be any minister employed by the established
religious organization.

HOUSTON COUNTY JAIL
POLICY AND PROCEDURE DIRECTIVE

INMATE HYGIENE

Date Issued:  April 14, 2005
Date Effective:  April 24, 2005                    Policy Number: E-303
Revision Date:  April 25, 2005

## POLICY:

In order to promote the institutional goals of health, cleanliness, safety and security in the Houston County Jail, it is the policy of the Houston County Jail that except as may otherwise be specifically provided for herein, all inmates, male and female, shall adhere to this policy. Male inmates shall have hair no longer than one inch from their scalp. Additionally, female inmates shall have hair no longer than collar length. There will be no special hairstyles permitted. Furthermore, there shall be no facial hair greater than one-quarter inch (1/4") in length and fingernails shall be clipped to the tip of the finger. Each inmate shall shower daily; this includes shampooing the hair and a change in clothes. Inmates in food service shall wear a clean set of whites daily.

## PROCEDURE:

During the initial booking process, inmates with a set bond, but who are otherwise incarcerated over night, are not subject to the haircut requirement, but they shall not refuse a bath using a delousing soap and shampoo if required by the jail staff. Any inmate booked into the jail without a set bond shall have to comply with all requirements of this policy during the initial booking phase.

A schedule for compliance with this policy shall be set from time to time by the Jail Commander or Jail Administrator.

In the event an inmate wishes to have their haircut shorter, they must fill out an inmate request form and return it to the appropriate staff.

In an additional effort to prevent the spread of infection to other inmates and employees, every cell and holding area, including dayrooms, must be decontaminated using germicidal agents and steam cleaning the showers, floors and walls. This procedure must be done a minimum of once a week for every space in the secure areas of the jail occupied by an inmate, including the docket. The mats used for sleeping must be sprayed with germicide **weekly**.

To ensure this policy is being followed, the ranking Sergeant will perform inspections as may be necessary. Any inmate in non-compliance with this policy is to be reported to the Jail Commander or Jail Administrator and shall be subject to appropriate disciplinary action.

10

## **GRIEVANCE PROCEDURE**

01.     In the event that an inmate has a grievance, this inmate will send a grievance form to the Senior Corrections Officer, who will investigate and answer the grievance, and will settle this issue. If this is not possible, the Jail Commander may hold a formal hearing.

02.     The Senior Corrections Officer will hear all sides of the situation with a written statement or witnesses, as appropriate and render a decision. This inmate will be informed of the decision in writing. Actions taken will be documented.

# POLICY NUMBER E-301 RELATING TO INMATE RULES AND REGULATIONS

# EXHIBIT B

# TO AFFIDAVIT OF COMMANDER KEITH W. REED

Houston County Jail
Policy and Procedure Directive

# INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                          Policy Number: E-301

**POLICY:**

It is the policy of the Houston County Jail to advise inmates, in writing, of inmate rules and regulations.

**PROCEDURE:**

The jail will provide each inmate admitted to general population a copy of the inmate rules and regulations.

The inmate rules and regulations handout will be reviewed by the Jail Administrator and updated as necessary.

ACJS 13-001

**EXHIBIT** B

# POLICY NUMBER E-302 RELATING TO RECEIPT OF INMATE RULES AND REGULATIONS

## EXHIBIT C

## TO AFFIDAVIT OF COMMANDER KEITH W. REED

Houston County Jail
Policy and Procedure Directive

# RECEIPT OF INMATE RULES AND REGULATIONS

Date Issued:  May 1, 1999                                    Policy Number: E-302

**POLICY:**

It is the policy of the Houston County Jail to inform all new inmates of the inmate rules and regulations.

**PROCEDURE:**

Prior to any inmate being placed in a regular housing unit of the jail, the jail will provide the inmate with a copy of the inmate rules and regulations.

If the inmate is unable to read the inmate rules and regulations, a jail officer will read them to him/her and document the event.  In reading the rules and regulations, the staff member will explain each rule and regulation and answer any questions the inmate may have about the rules and regulations.

The jail officer will complete the Rules and Regulations Receipt form advising the inmate that he/she will be required to abide by those rules and regulations while an inmate in the Houston County Jail.

The inmate will then be required to sign the receipt form.  If inmate refuses, the process will be documented and procedure continued.

The receipt form will be placed in the inmate's file.

**EXHIBIT**    C

# PLAINTIFF'S JAIL DOCKET CARD

## EXHIBIT D

## TO AFFIDAVIT OF COMMANDER KEITH W. REED

HOUSTON COUNTY JAIL
JAIL DOCKET CARD

1102

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 59161 | Cooper | Davean | Reshaud | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| D.P.D. | 7·28·06 | | | | |

| RISK | STATUS | | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|---|
| | | | | K88 | 1 | Sgt Jon's | Sgt. Luker |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 18 | 10·1·87 | 343·80·6088 | B | M | 5'7 | 130 | Blk | Bro | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg    #5 | Pos   J31 | Neg  Sgt Hinton #5 | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | David Hogg |

| HOLD 1 | DATE/BY 7-28-06 | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY Valenza | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| Troy PD | Lee Owens | | Ozark Pd | 7/31/06 | |
| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |
| | | | | | |

| ADDRESS    673·0896 | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|
| 701 Tuskegee Ave. Apt. 30 | Dothan | AL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Tarri Taryn Cooper | Same | Same | | mother |

Religion- Baptist

REMARKS: Do not house with Brandon Cooper
or ~~Dor Joe~~ Kern Conley.

| DID INMATE RECEIVE PHONE CALL? ( ✓Y  ( )N | DID INMATE RECEIVE JAIL RULES? ( ✓Y  ( )N |
|---|---|
| INMATE SIGNATURE X | INMATE SIGNATURE X |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928



EXHIBIT
D

| INMATE # | | | NAME Cooper, Davian | | | | | |
|---|---|---|---|---|---|---|---|---|
| CHARGE | Robbery 1st | | WARRANT # 06-16314 | DC/TR 06-2372 | INDICTMENT# 108 | CC/CS/DR 06-1409 | CONVICTION | |
| BOND | | | | | | | | |
| ∅ 500,000 | | | Anderson- 02/2/07 @ B30  04-16-07 @ 0830 | | | | | |
| CHARGE | Robbery 1st | | WARRANT # 06-16315 | DC/TR 06-2373 | INDICTMENT# 109 | CC/CS/DR 06-1410 | CONVICTION | |
| BOND | | | 04-16-07 @ 083) | | | | | |
| ∅ 500,000 | | | | | | | | |
| CHARGE | Robbery 1st | | WARRANT # 06-16316 | DC/TR 06-2374 | INDICTMENT# 110 | CC/CS/DR 06-1411 | CONVICTION | |
| BOND ∅ | | | 04-16-07 @ 0830 | | | | | |
| ∅ 500,000 | | | | | | | | |
| CHARGE | Robbery 1 | | WARRANT # 06-16313 | DC/TR 06-2389 | INDICTMENT# 111 | CC/CS/DR 06-1412 | CONVICTION | |
| BOND ∅ 500,000 | | 9-13-06 | 8:30 Am | | | | | |
| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION | |
| BOND | | | | | | | | |

D-2

# INMATE GRIEVANCE FORM

# EXHIBIT E

# TO AFFIDAVIT OF COMMANDER KEITH W. REED

# INMATE GRIEVANCE FORM

DATE:_____        INSTITUTION:_____

NAME:_____        INMATE NUMBER:_____

NATURE OF GRIEVANCE OR INFORMATION:

_____
_____
_____
_____
_____
_____

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT ?    _____

_____
_____
_____
_____
_____

DATE HEARING: _____

COMMITTEE FINDING OR RESPONSE: _____

_____
_____
_____

REFERRED TO:_____        POSITION: _____

CHAIRMAN:_____        MEMBER:_____

MEMBER: _____        WARDEN:_____

AGREE_____ DISAGREE:_____        (WITH COMMITTEE FINDINGS)

CHIEF WARDEN RESPONSE: _____

_____
_____
_____
_____

DATE GRIEVANCE FILED:_____        TIME FILED:_____

SHIFT COMMANDER

**EXHIBIT**

**E**

# POLICY NUMBER E-401 RELATING TO INMATE GRIEVANCES

# EXHIBIT F

# TO AFFIDAVIT OF COMMANDER KEITH W. REED

Houston County Jail
Policy and Procedure Directive

# INMATE GRIEVANCES

Date Issued: May 1, 1999                              Policy Number: E-401

**POLICY:**

It is the policy of the Houston County Jail that inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.

**PROCEDURE:**

The Jail Administrator will devise a grievance form to be made available to all inmates on request.  Grievance forms will be limited to one (1) per day per inmate.

Completed grievance forms will be delivered to the Jail Administrator through an appointed grievance officer, who will respond to the grievance.

The grievance response to the inmate will be in writing.

The decision of the Jail Administrator may be appealed to the Sheriff or designee, within seventy-two (72) hours of the receipt of the grievance decision.

**EXHIBIT**     F

# PLAINTIFF'S JAIL INMATE FILE

# EXHIBIT G

# TO AFFIDAVIT OF COMMANDER
# KEITH W. REED

HOUSTON COUNTY JAIL
JAIL DOCKET CARD

1102

| INMATE # | LAST NAME | FIRST | MIDDLE | MAIDEN | ALIAS | VICTIM NOTIFICATION |
|---|---|---|---|---|---|---|
| 59161 | Cooper | Davean | Reshaud | | | |

| ARRESTING AGENCY | DATE RECEIVED | TEMP. RELEASE DATE | RETURN DATE | RELEASE DATE | HOW RELEASED |
|---|---|---|---|---|---|
| D.P.D. | 7.28.06 | | | | |

| RISK | STATUS | | FLOOR | CELL | DOCKET OFFICER | ARRESTING OFFICER |
|---|---|---|---|---|---|---|
| | | | F98 | II | Sgt Jan's | Sgt Luker |

| AGE | DOB | SSN | RACE | SEX | HEIGHT | WEIGHT | HAIR | EYES | AGENCY HOUSED FOR |
|---|---|---|---|---|---|---|---|---|---|
| 18 | 10·1·87 | 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 | B | M | 5'7 | 130 | Blk | Bro | Houston |

| ENTRANCE NCIC/BY | ENTRANCE HOUSTON/BY | ENTRANCE DPD/BY | FELONY CRIMINAL HISTORY/BY |
|---|---|---|---|
| Neg #5 | POS J31 | Neg Sgt Houston #5 | |

| EXIT NCIC/BY | EXIT HOUSTON/BY | EXIT DPD/BY | ATTORNEY |
|---|---|---|---|
| | | | David Hogg |

| HOLD 1 | DATE/BY 7-28-06 | HOLD RELEASE DATE/BY | HOLD 2 | DATE/BY 7/31/06 Valenza | HOLD RELEASE DATE/BY |
|---|---|---|---|---|---|
| Troy PD | Lee Owens | | Ozark Pol | | |
| HOLD 3 | DATE/BY | HOLD RELEASE DATE/BY | HOLD 4 | DATE/BY | HOLD RELEASE DATE/BY |

| ADDRESS | 673-0896 | CITY | STATE | PROBATION/PAROLE OFFICER |
|---|---|---|---|---|
| 701 Tuskegee Ave Apt. 30 | | Dothan | AL | |

| NEXT OF KIN | ADDRESS | CITY/STATE | PHONE | RELATION |
|---|---|---|---|---|
| Taryn Cooper | Same | Same | | mother |

Religion - Baptist

REMARKS: Do not house with Brandon Cooper
or ~~Dar Joe~~ Ben Conley.

| DID INMATE RECEIVE PHONE CALL? ( )Y ( ) N | DID INMATE RECEIVE JAIL RULES? ( )Y ( ) N |
|---|---|
| INMATE SIGNATURE | INMATE SIGNATURE |
| X | X |

SOUTHEASTERN PRINTERS OF DOTHAN / FORM HCJDC 334-792-2928

EXHIBIT
G

1 of 44

| INMATE # | | | NAME Cooper, Davian | | | | |
|---|---|---|---|---|---|---|---|
| CHARGE Robbery 1st | | | WARRANT # 06-16314 | DC/TR 06-2372 | INDICTMENT# 108 | CC/CS/DR 06-1409 | CONVICTION |
| BOND | | | | | | | |
| Ø | | | Anderson - 02/12/07 @ 830   04-16-07 @ 0830 | | | | |
| 500,000 | | | | | | | |
| CHARGE Robbery 1st | | | WARRANT # 06-16315 | DC/TR 06-2373 | INDICTMENT# 109 | CC/CS/DR 06-1410 | CONVICTION |
| BOND | | | 04-16-07 @ 0830 | | | | |
| Ø | | | | | | | |
| 500,000 | | | | | | | |
| CHARGE Robbery 1st | | | WARRANT # 06-16316 | DC/TR 06-2374 | INDICTMENT# | CC/CS/DR 06-1411 | CONVICTION |
| BOND Ø | | | 04-16-07 @ 0830 | | | | |
| Ø | | | | | | | |
| 500,000 | | | | | | | |
| CHARGE Robbery 1 | | | WARRANT # 06-16313 | DC/TR 06-2389 | INDICTMENT# 111 | CC/CS/DR 06-1412 | CONVICTION |
| BOND Ø | | 9-13-06 | 8:30 Am | | | | |
| 500,000 | | | | | | | |
| CHARGE | | | WARRANT # | DC/TR | INDICTMENT# | CC/CS/DR | CONVICTION |
| BOND | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

2 of 4

HOUSTON COUNTY SHERIFFS OFFICE

INMATE INFORMATION SHEET                                    Page    1

| | |
|---|---|
| BOOKING NO:    060002805 | LOCAL ID:    59161 |

Name    : COOPER DAVIAN RESHAUD

Address : 701 TUSKEGEE AVE, APT 10

City    : DOTHAN          State: AL  Zip: 36303



## Physical Description

Race :  BLACK                   Hair :  BLACK

Gender:  MALE                   Eyes:  BROWN

Height:  5 ' 07 "               Complexion:  UNKNOWN

Weight:  130                    DOB :  10/01/1987    Age: 18

Scars/Tattoos:

## Personal Information

DL State :                      Home Phone :  334 673 0896

DL Number:                      Work Phone :

     SSN:  343 80 6088

     SID:

## Booking Information

Arrest Date: 07/28/2006         Booking Officer: SGT DAVIS

Arrest Dept: DPD                   Booking Date: 07/28/2006

Arrest Offcr: SGT LUKER            Booking Time: 11:50

Search Offcr:                        Facility: 01

   Meal Code: 01                Cell Assignment:

## Charge Information

| Offense | Fine | Bond | Disposition |
|---|---|---|---|
| ROBBERY 1ST | $00.00 | 0.00 | PENDING |

3 of 44

08-23-'06 17:11 FROM-Houston Co. Sheriff

## Houston County Sheriff's Department
### Communications Division
#### Teletype Message Form

Message Number:

**200_**

200_- _____ - _____

Date: 8 /23/2006

| Agency Ori: AL0260100 | Agency Name: OZARK Police Department |
|---|---|
| Requesters' Name: | Dispatcher's Name: mfee |
| Time Sent: | Teletype Mri: |
| Time Rec: 10:08 | Teletype Rec Mri: 954845 |

```
1ZX,16:20 08/23/2006 954845
AM,AL0260100,AL0380000,AL0260100.

TO HOUSTON COUNTY SO
FROM: OZARK POLICE DEPARTMENT

WE DO HOLD FELONY WARRANTS ON JOE BEN CONLEY FOR ROBBERY 1ST AND THEFT OF
PROPERTY 2ND.   PLEASE PLACE A HOLD ON THE CONLEY SUBJ AS WELL AS THE COOPER
SUBJECT.

THANK YOU

AUTH/ DC HENDERSON
OPER/ SIMMONS


GEO # 0313 MRI # 0954845
```

## PLEASE SIGN

| Received BY: mfee | Date: 8 23 /2006 |
|---|---|
| Released BY: | Date: / /200_ |
| | TIME RELEASED: _____ |

4 of 44

# HOUSTON COUNTY
# SHERIFF'S DEPARTMENT
# PROPERTY HOLD

**I/M NUMBER**          **LAST NAME**          **FIRST NAME**      **M.I.**

59161 ,  *Cooper*  ,  *Davian*  ,  *R.*

**CASH**               **HOLD 1**             **HOLD 2**

_____/_____/_____

**OTHER ITEMS:**

_____

_____

I DO/DO NOT GIVE MY PERMISSION FOR ALL MY INCOMING MAIL TO BE INSPECTED.  I
UNDERSTAND THAT IF I DO NOT GIVE MY PERMISSION FOR MY MAIL TO BE INSPECTED, IT
WILL BE RETURNED TO SENDER.

(X) *Davion Cooper*_____ DATE_____

I,_____, MADE APPLICATION TO THE BONDING
COMPANY OF MY CHOICE.

X_____ DATE_____

I,_____, RECEIVED FROM THE HOUSTON COUNTY
SHERIFF DEPARTMENT ALL MY PROPERTY, AND MONEY UPON RELEASE.

X_____ DATE_____

I WAS ALLOWED TO MAKE A PHONE CALL.

(X) *Davion Cooper*_____ DATE_____

I RECEIVED A COPY OF THE JAIL RULES AND REGULATIONS.

(X) *Davion Cooper*_____ DATE_____

WITNESS _____ DATE 7/28/06

5 of 44

HOUSTON COUNTY JAIL
BOOKING CHECK OFF LIST
DATE: 7-28-06    TIME:

SENIOR CORRECTIONS OFFICER(S) DUTY Cooper Dovian Reshaud

Inmate Name: Cooper Dovian Reshaud    Inmate Number: 59161

BOOKING OFFICER MUST INITIAL AFTER COMPLETING
EACH ITEM AND SIGN IN THE PROPER SPACE.

_____ 1. All personal property secured
_____ 2. Check in-house warrants
_____ 3. Check for last incarceration
_____ 4. Arrest report completed by arresting officer
_____ 5. All charges listed on arrest report and bonds listed for each charge
_____ 6. Bond amount noted on warrant
_____ 7. All inmate property tagged/placed in envelope
_____ 8. Property envelope completely filled out/signed by inmate
_____ 9. All money counted/logged in money book
_____ 10. Money envelope completed/supervisor counts
_____ 11. SCO calls control and logs money in SCO money book
_____ 12. SCO seals money/places in box
_____ 13. Check for outstanding warrants _____ NCIC _____ Dothan
_____ 14. Inmate numbers properly assigned
_____ 15. Inmate recorded in black book
_____ 16. Inmate recorded on white pages
_____ 17. Docket I.D., floor card completed, and bond amount verified on docket card
_____ 18. Fingerprint card completed
_____ 19. Medical screen completed
_____ 20. Affidavit of hardship completed
_____ 21. Green disposition form completed
_____ 22. Property hold form (telephone call, bond applied)
_____ 23. Fingerprinted/photographed (FBI)
_____ 24. Property card completed/entered in computer
_____ 25. Visitor/Telephone list completed
_____ 26. Inmate handbook received
_____ 27. Bond completed/amount checked against warrant
_____ 28. Correct court date noted on bond
_____ 29. Inmate and surety signature on bond
_____ 30. All pass on information documented in pass book

_____
Signature of Booking Officer(s)

Southeastern Printers of Dothan, 334-792-2928

7 of 44

Inmate Number: 59161

## HOUSTON COUNTY SHERIFF'S DEPARTMENT
## ANDY HUGHES, SHERIFF
## INMATE VISITATION LIST

Last name _Cooper_     First name _Davion_

Pod Location _E-Pod #2_     Date _4-11-07_

NOTE TO ALL INMATES:  This is a permanent visitation list.  New lists will be issued every three (3) months.  NAMES WILL NOT BE ADDED OR DELETED FROM THIS LIST.  You are not allowed to have more than two (2) visitors per visitation day.  Children, no matter what age, are counted as one (1) visitor.  There are no exceptions to this rule.  EVERY visitor must have a valid ID in order to visit.  Anyone over the age of sixteen (16) must have a valid picture ID, in order to visit.  Children under the age of (16) may use a social security card or school ID card.  In order for you to receive a ministerial visit, you must list your minister's name below.

### VISITOR NAMES

| | | | |
|---|---|---|---|
| Taryn Cooper | Torry williams | Charles George | Henry Avery |
| Persy Williams | Tequonda Braynt | Brandon Griffin | Dayshawn White |

(OPTIONAL)                                    (MANDATORY FOR MINISTERIAL VISIT)
Religious/Church Preference_____ Preferred Clergy_____

### ONLY OFFICERS ARE TO VIEW OR WRITE ON VISITATION REGISTRATION BELOW!!

| DATE | VISITOR'S NAME | ADDRESS | ID# |
|---|---|---|---|
| 4-22 | Taryn Cooper | | |
| 4-29 | Henry Avery | 803 E Adams Unit #1 | |
| 5-70-07 | Tequonda Bryant | 1202 Greenwood Dr  SS | 423373445 |
| | Taryn Cooper | 818 wilder Ave | 176312 |
| | Torrey Williams | 1032 Timberline Trail | 608495 3 |
| 5-24-07 | out of Town Visit | Homewood AL | |
| 05-26+27-07 | NO VISIT | | |
| 6-3-07 | Taryn Cooper | 818 Wild Ave | 1763122 |
| 6-10-07 | Brandon Griffin | 21000 Denton Rd. | 1682218 |
| 6-18-07 | Taryn Cooper | | |
| 06-23+24-07 | NO VISIT | | |
| 06-30+07-01-07 | | | |

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature _Davion Cooper_     C/O Signature _____

_Over_

_Cmdr Keat W. Reed_ 4-11-07

7 of 44

INMATE NAME_____    INMATE NUMBER_____

| ONLY OFFICERS ARE TO VIEW OR WRITE ON VISITATION REGISTRATION BELOW!! | | | |
|---|---|---|---|
| DATE | VISITOR'S NAME | ADDRESS | ID# |
| 07-748-07 | no Visit | | |
| 07-1445-07 | no Visit | | |
| | | | |

8 of 44

Inmate Number 59161

HOUSTON COUNTY SHERRIFF'S DEPARTMENT
ANDY HUGHES, SHERIFF

VISITATION LIST

Last Name  Cooper                First Name  Davion

Pod Location  E-2              Date  1-19-07

VISITORS

| Tequonda Bryant | Ruth williams | Torey williams | |
| Taryn Cooper | Percy williams | Brandon Cooper | |

| Only officers are to view or write on visitation registration below! | | | |
|---|---|---|---|
| Date/Time | Visitor's Name | Address | ID# |
| 1-28-07 | Taryn Cooper | 818 Wilder Ave | 6570827 |
| 2-4-07 | Taryn Cooper | " | " |
| 02-10+11-07 | 7 NO Visit | | |
| 02-17+18-07 | | | |
| 3-1-07 | Taryn Cooper | Same | |
| 4-8-07 | Same | Same | Same |
| | | | |

NOTE TO ALL INMATES:
This is a permanent visitation list. New lists will be issued every three (3) months.
**Names will not be added or deleted from this list.**
You are not allowed to have more than two (2) visitors per visitation day. Children, no matter what age, are counted as one (1) visitor. There are no exceptions to this rule.
Every visitor must have a valid ID in order to visit.
Anyone over the age of sixteen (16) must have valid picture ID in order to visit.
Children under the age of sixteen (16) may use a social security card or school ID card.

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M Signature  Davion Cooper          Date  01-19-07

C/O Signature  T. Walker              Date  01/18/07

9 of 44

Inmate Number _____    Pod Location _____

Continuation for Inmate _____

| Only officers are to view or write on visitation registration below! | | | |
|---|---|---|---|
| Date/Time | Visitor's Name | Address | ID# |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

10 of 44

# HOUSTON COUNTY SHERIFF'S DEPT.
# LAMAR GLOVER, SHERIFF

### VISITATION LIST

Last Name _Cooper_          First Name _Davian_

Floor Location ___N___    Date _7-28-06_    I/M # _59161_

### VISITORS

1. Ruth willams          5. _____

2. Trayn · Cooper        6. _____

3. Torey willums         7. _____

4. Taaunda Braynt        8. _____

BANNED                   BANNED

1. _____          2. _____

**NOTE TO ALL INMATES:**

This is a permanent visitation list.  New lists will be issued every three (3) months (March, June, September and December).  Names will not be added or deleted from this list.

You are not allowed to have more than two (2) visitors per visitation day.  Children, no matter their age, are counted as one (1) visitor.  There are no exceptions to this rule.

Every visitor must have a valid ID in order to visit.

Anyone over the age of sixteen (16) must have a valid picture ID in order to visit.

Children under the age of sixteen (16) may use a social security card or school ID card.

I have read the above statements and by signing my name I agree to abide by the above statements.

I/M SIGNATURE _Davian Cooper_          DATE _7-28-06_

C/O SIGNATURE _____          DATE _7-28-06_



11 of 44

TO: Commander Reed
Or, SGT On Duty

# INMATE GRIEVANCE FORM

DATE: 6-07-07 _____, 2005   POD/CELL LOCATION: E-Pod #2

INMATE NAME: Davion Cooper    INMATE NUMBER: 59161

NATURE OF GRIEVANCE OR INFORMATION: I'm writing this grievance concerning other grievance's and request that I have sent out to the SGT. and to Commander. I've sent request out on these dates 5-5-07, 5-17-07, 5-18-07, and I've sent out grievance out on these dates 5-4-07, 5-11-07, 5-21-07, 5-22-07, but I have not received any response, but the policy #E-461 tells me that my response is to be heard with in 72 hours.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I feel that you all are unprofessional in your job capacity and indifferent to the rights of us inmates, and we are entitled to the grievance process, but it is being denied as these grievances are, for the most part, unanswered. It appears that no one is concerning about our rights.

OFFICER RESPONSE OR FINDING? _____

SGT. ON DUTY RESPONSE: Who have you sent grievances to? el have not seen any grievances from you. What are they in reference to?

6-11-07 Sgt. Turner

* * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 6-12-07

CORRECTIONS OFFICER SIGNATURE: Robert

INMATE SIGNATURE: Davion Cooper

12 of 44

*(handwritten at top)* 12mile 16; Commander on duty 9pm SGT On Duty

# INMATE GRIEVANCE FORM

DATE: 05-19-07 , 2005    POD/CELL LOCATION: E-Pod #2

INMATE NAME: Davion Cooper    INMATE NUMBER: 59161

NATURE OF GRIEVANCE OR INFORMATION: I'm writing this grievance concerning my living conditions here in this Houston County Jail. I have read my Inmate rule sheet and you are in Violating all of my constitutional rights. You tell me on my daily schedule that my meals will be served beginning approximately at these times Breakfast - 5:00AM. Lunch~11:00AM. Supper - 5:00PM, but You're late Breakfast, Lunch, and supper and all of my meals are cold. I know this is jail but if I have to live here you should at least go by your own rule sheet.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT?

OFFICER RESPONSE OR FINDING?

SGT. ON DUTY RESPONSE: 05-20-07 Mr. Cooper- the definition for the word approximately is to come near to. With nearly 500 inmates to feed, it is only common sense to realize that meals will not be given to everyone on the dot. Also, you seem to have confused rules & regulations with the US Constitution. We do our best to get the meals served in a timely manner but Being late with meals is not a violation of the constitution Sgt. Buckman

* * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 5-20-07

CORRECTIONS OFFICER SIGNATURE: *(signature)*

INMATE SIGNATURE: *(signature)*

*(handwritten bottom right)* 13 of 44

# INMATE GRIEVANCE FORM

DATE: 11 - 09 - 06 _____, 2005    POD/CELL LOCATION: E-2

INMATE NAME: Davion Cooper _____    INMATE NUMBER: 59161

NATURE OF GRIEVANCE OR INFORMATION: On 22nd of october my grandfather Percy Williams came and dooped off a money order for $25.00. When I filled out my Commissary list that same night I purchased $12.22 worth of items, and that should have left me a total of $12.78, but when I recived my store order on Thursday 26 of Oct. My balance sheet showed a total balance of 28¢ wich is incorrect. My Grievance is that someone might have made a mistake when they recived my money order. According to my grandfather the money order was for the amount of $25.00. I would highly appreciate it if Ms. Walker or someone else incharge of handeling this matter could please look into this situation. I would be very thankful if someone could check into this for me. "Thank you very much.

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I would highly appreciate it if the money could be put back on my books. As so as possible "Thank you very much"

OFFICER RESPONSE OR FINDING? _____

SGT. ON DUTY RESPONSE: A money order was posted for #25.00 on 10-24-06.

Sent Summary to 4/W

11-14-06 Sgt _____

* * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 11-14-06

CORRECTIONS OFFICER SIGNATURE: _____

INMATE SIGNATURE: Davion Cooper

14 of 44

# INMATE GRIEVANCE FORM

DATE: 09-15-06 , 2005     POD/CELL LOCATION: E

INMATE NAME: Davlon R. Cooper     INMATE NUMBER: 59161

NATURE OF GRIEVANCE OR INFORMATION: I have enemies in E pod and E,G,H,C D,B, that I Know of. I really don't Know them by first names but I Know thier faces. We had problems on the streets and I just ask please. if I could be moved back to my regular pod because I don't want any trouble with them and I don't want to get hurt. the person in A pod is Joe Ben Conley we came in together. And my brother is in I or J. Plus My mother has to come vist us on the same. day and if I stay back here it changes every thing thank you and God bless

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? I would Like to be moved back to N Pod please. If I do it would solve it all. I'm just not trying to get in any more altercation with any body else. I dont start fights people just don't like me back here and if you can just move me I want get another disciplinary report I ask agin please Thank you and God bless.

① Edie Segal ③ Mike ? ⑤ Dexter ?
② John Barry ④ Tony ?  yes I did

OFFICER RESPONSE OR FINDING? Say that I had enemies back here when I came from N Pod. I told miss Morriss that when she was on the phone. Sorry for the missunderstanding.

SGT. ON DUTY RESPONSE: 09-15-06 I/m Cooper You came From That Area and at That Time You did not Say any Thing about your enemies so The onry Way You get back Their is on Lock Down

SGT Tiffany

* * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: 9-15-06

CORRECTIONS OFFICER SIGNATURE: Sapp

INMATE SIGNATURE: Davlon Cooper

15 of 44

# INMATE REQUEST FORM

Date: 8-8-07

To: ~~Chaplin Baker~~ Sgt. Payne

From: Davion Cooper

INMATES # 59161

C/O SIGNATURE

SR C/O SIGNATURE

**NATURE OF REQUEST** I'm requesting to see if there's any way possible that you could set up a visit for me and my mother. Her name is Tanya Cooper and she's on the work and bat. I'm really praying and asking that I see her befor I go to court. Thank you and may God bless you!

**ACTION TAKEN** 8/10/07
We must have a copy of your birth certificate and then we will allow you a 30-minute non-contact visit, once every 30 days

USBPI Reorder#120SS (8/06)

---

E-Pod

# INMATE REQUEST FORM

Date: 06-15-07

To: ~~Nursing~~ or SGT. Mrs. Smith & Walker

From: Davion Cooper

INMATES # 59161

C/O SIGNATURE

SR C/O SIGNATURE

**NATURE OF REQUEST** I'm requesting to see someone about the money that has been took off my books for meds. My rule tells me that it's $5.00 for a LPN visit and $10.00 for Prescription so all together that's $15.00 and it was payed for on 05-07-07. after that I haven't seen any doctors. and for 11 months that I've been here I don't take any other pills. So were do you get $7.50 and $15.00 and $5.00 from on my account summary that I owe

**ACTION TAKEN** Look at your acct summary - the charges have been voided. 6/17/07

USBPI Reorder#120SS (8/06)

16 of 44

7100

## INMATE REQUEST FORM

Date: 6-14-07                    (E)    INMATES # 59161

To: SGT. Turner                         C/O SIGNATURE

From: Davion Cooper                     SR C/O SIGNATURE    BR

NATURE OF REQUEST I'm writing this concerning the multiple request grievance I've sent to you and the Commander Reed. I feel it's very unprofessional that someone would through away or misplaced several request and grievance (7). "But hey" don't worry my Lawyer and I have all the copies and you will here from us soon. Thank you and God bless.

ACTION TAKEN

I have answered all of the grievances directed to me and to Cmdr. Reed when he was away from the jail - All of these are in your file

6/14/07

USBPI Reorder #12055 (8/06)

---

## INMATE REQUEST FORM

Date: 06-09-07    Nursing (E)    INMATES # 59161        E-Pod #2

To: SGT. LT. of Mrs. Walker or Commander    C/O SIGNATURE

From: Davion Cooper                         SR C/O SIGNATURE    BR

NATURE OF REQUEST I'm requesting to see either the Commander reed, SGT. LT. or Mrs. Walker A.S.A.P. Concerning this situation. My account summary shows me that I owe Meds, and I want to know how is this possible. I believe this is a mix up and you have me paying another person Meds bill From the Void Transfers I see that comes from another I/M # "59162"

ACTION TAKEN

6/13/07    'Medical charges were voided —

USBPI Reorder #12055 (8/06)

## INMATE REQUEST FORM

Date: 6-7-07                                INMATES # 59161

To: SGT. Turner                             C/O SIGNATURE _____

From: Davion Cooper                         SR C/O SIGNATURE _____

NATURE OF REQUEST I'm writing this request to you because I can't "send this to the court" with out my affidavit and my account summary from "institutional officer," and I was not mailing that to comdr. Reed it was suppose to go to C/O Walker. "So make sure it gets to Mrs. Walker" Thank you.

ACTION TAKEN
6/11/07 (RP) Sent account summary to inmate

---

## INMATE REQUEST FORM

Date: 5-30-07                               INMATES # 59161    E Pod

To: SGT. Turner                             C/O SIGNATURE _____

From: Davion Cooper                         SR C/O SIGNATURE _____

NATURE OF REQUEST Mrs. Turner I would highly appreciate it if you could please add me to the hair cut list.

Thank you and God bless

ACTION TAKEN 6/2/07 on list 6/4/07 (P)

18 of 44

**INMATE REQUEST FORM**

Date: 5-5-07

To: Mrs. Walker

From: Davion Cooper

INMATES # 59161

C/O SIGNATURE: Beasley

SR C/O SIGNATURE _____

**NATURE OF REQUEST** Mrs. Walker you know I have not ever gave you any promblems, but my mother told me that she came down here her self, and put $15.00 on my books, and I ordered Commissary this Thursday and did not recive it, and they keep telling my mother that My I.M. # is 59162 why. I'm wondering can you tell me. Thank you very much for your time.

**ACTION TAKEN** 2 money orders were posted on 6/13/07 @ 6/14/07

1 for $20⁰⁰ ⎫ Your balance

1 for $10⁰⁰ ⎭ is $6.47

---

**INMATE REQUEST FORM**

Date: 4-05-07

To: SGT. Turner

From: Davion Cooper

(E)

INMATES # 59161

C/O SIGNATURE: Phillips

SR C/O SIGNATURE _____

**NATURE OF REQUEST** If you could please add me to the hair cut list. I would highly appreciate it. Thank you very much for your time.

**ACTION TAKEN** Done 4/10/07 @

## INMATE REQUEST FORM

Date: 2-10-07                    (E)                    INMATES # 59161

To: SGT. Turner                         C/O SIGNATURE Edie52

From: Davion Cooper                     SR C/O SIGNATURE BR

NATURE OF REQUEST  To go to the law libary again.
/ thank you for with in your list.

Done on 02-20-0

ACTION TAKEN ___ X Davion Cooper

USBPi Reorder#12055 (8/06)

---

## INMATE REQUEST FORM                    E2

Date: 12-07-06                    INMATES # 59161

To: SGT. Turner                         C/O SIGNATURE OH

From: Davion Cooper                     SR C/O SIGNATURE

NATURE OF REQUEST  Could you please add me to the hair
cut list I would appresiate it very much. "Thank you for
your time"

ACTION TAKEN  12/10/06    You will be added to the
haircut list if you are out
of compliance.
Compliance check done:
12-14-06

X Davion Cooper

USBPi Reorder#12055 (8/06)

20 of 44

**INMATE REQUEST FORM**

Date: 9-4-06

INMATES # 59161

To: SGT. Tuner

C/O SIGNATURE _Morris_

From: Davion R. Cooper

SR C/O SIGNATURE _July_

NATURE OF REQUEST: I would like to go to the Law Library please. Thank you for your time, and God bless

ACTION TAKEN: Done 9/14/06

_Davion Cooper_

USBPI Reorder# 2055 (8/06)

---

**INMATE REQUEST FORM**

Date: 08-30-06

INMATES # 59161 N

To: SGT. Davis

C/O SIGNATURE _Bush_

From: Davion Cooper

SR C/O SIGNATURE _(KA)_

NATURE OF REQUEST: I have been here one month, and my inmate number hasn't been activated. I'm just asking can you activate it for me. Thank you for your time and God bless.

ACTION TAKEN: Your number is in the computer. — Sent Pamphlet to inmate — The person you are Calling must set up a prepaid account.
9/1/06 KA

_Davion Cooper_

21 of 44

**INMATE REQUEST FORM**

Date: 08-28-06

To: SGT. Turner

From: Davion Cooper

INMATES # 59161  N-18

C/O SIGNATURE _Moms_

SR C/O SIGNATURE _____

NATURE OF REQUEST: I would like to be put on the hair cut list because I haven't had a hair cut ~~████~~ since. I've been here. Thanks you for your time, and God bless.

ACTION TAKEN: Added to list 8/30/06 Kd

Davion Cooper

USBPI Reorder#12055 (8/06)

---

**INMATE REQUEST FORM**

N-18

Date: 08-20-06                    N

To: ~~████~~ ~~████~~ SGT. Turner

From: Davion R. Cooper

INMATES # 59161

C/O SIGNATURE _____

SR C/O SIGNATURE _____

NATURE OF REQUEST: I would like to go to the Law library. thankyou for your time and God bless.

Done on 8-24-06

ACTION TAKEN _____

USBPI Reorder#12055 (8/06)

22 of 44

# Inmate Sanction/Restriction Documentation

Inmate Name: _Cooper, David_    Date: _7/8/07_    Inmate Number: _59161_

Pod Location: _E-2_    Pod/Cell Inmate moved to (If Applicable): ___

| Type of Restriction/Sanction: | Date to Begin / Date to End |
|---|---|
| _Z_ WKS (✓) Suspension of Commissary Privileges | 7/16/07 / 7/27/07 |
| _Z_ WKS (✓) Loss of Visitation Privileges | 7/21-22/07 / 7/28-29/07 |
| _3_ DAYS (✗) ~~Minimum 72 Hours Cell Restriction~~ | 7/13/07 / 7/18/07 |
| ( ) Other | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

Officer Requesting Sanction/Restriction: C/O Moore

Officer Authorizing Sanction/Restriction: Sgt. Re 7/9/07

AT 1513HRS ON 8 JUL 07 AS I WAS CONDUCTING COUNT I/M COOPER WAS OUT OF HIS CELL AND ON THE FLOOR. I/M COOPER WAS SEEN BY C/O MOORE, CMDR REED & MUSCLE. I/M COOPER IS IN VIOLATION OF RULE #13- INMATES MUST ROLL IN AT ROLL IN TIMES. INMATES ALLOWED TO DAY ROOM ACCESS MUST BE ON THEIR MATTRESS AT ROLL IN TIMES. E.O.S.

Revised 03-26-2007
Keith Reed / Jail Commander

Signature of Sgt. / Asco: C.Moore

23 of 44

DATE APPEAL SENT:    7/9/2007

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME:    **COOPER, DAVION**    HCJ#:    59161    POD:    E-2

Date filing appeal: 7-9-07

On 7-9 2007, an inmate Sanction/Restriction was written by Officer Moore.

Charging inmate Davion Cooper, with a violation of Houston County Jail Rules and Regulations # 13 I/m must roll-in at all roll-in times, I/m assigned to day room acces must be on their mattress at all roll-ins.

The circumstances of the violations are: 2 WKS Loss of visit. 2 WKS Loss of Commissary. 3 Day Cell Restriction

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: Guilty of a minor offense. Punishment was set to Severe.

I wish to appeal the decision because: At approximately 13:30 HRS I was on the day room floor watching movies and fell asleep. Roll in time was called and usually I would here the doors click but this time I didn't. I admit this was a honest mistake, and I feel lock down is just unecessary. and if you could please reconsider the Punishment ************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY*************

On the 10 day of July , 2007, an appeal of the Sanction/Restriction taken against

Inmate Cooper, Davion was reviewed by S.D. 2L , and the following

action was taken:    APPEAL APPROVED    (APPEAL DISAPPROVED)    (OTHER ACTION TAKEN:)

Lockdown taken off

Basis for approval/disapproval of appeal: Lockdown taken off, but the next sanction you recieve will be lockdown no exceptions. Follow the rules

*****************************************************************************************

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

10 day of July , 2007.

S.D. 2L
Officer Signature

INMATE SERVED COPY (YES)

24 of 44

# Inmate Sanction/Restriction Documentation

Inmate Name: Cooper, Davion    Date: D[c]-16-07    Inmate Number: 59161

Pod Location: E-2    Pod/Cell Inmate moved to (If Applicable): _____

**Type of Restriction/Sanction:**    **Date to Begin / Date to End**

___ WKS ( ) Suspension of Commissary Privileges    6-23-24-07 / 6-30-07

2 WKS (X) Loss of Visitation Privileges    / 7-1-07

___ DAYS ( ) Minimum 72 Hours Cell Restriction    ___ / ___

( ) Other ___

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

Officer Requesting Sanction / Restriction    Officer Authorizing Sanction/Restriction
V. Smith    C. Taylor 6-17-07

At approx. 2310 I was in E-pod doing my beginning counts. I counted 29 inmates, although my paper showed 30 inmates. As I counted E-2 I noticed 2 mats, but only one inmate. I finished my counts, went back to A-H booth and discussed how many inmates were to be in E-2, because there were two mats and one inmate. I wanted to double check if any one was in clinic or anywhere else. To Trawick handed me the cell assignment sheet + I went back to E-2. I noticed a pair of orange knees barely poking out from underneath the bottom bunk. Im Cooper crawled out from underneath the bunk laughing and stating he just wanted to see it I was doing my job. I assured him that I was. Im Cooper is in violation of rule #11 No inmate will interfere with Sheriff Dept. personnel, nor will they disobey an order or instructions given by Sheriffs Dept. personnel. E.O.S.

Revised 03-26-2007
Keith Reed / Jail Commander

Signature of Sgt. / Asco
S.H.

DATE APPEAL SENT:    6/17/2007

## NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME:    COOPER, DAVION    HCJ#:  59161    EPOD:    E

Date filing appeal: 06-17-07

On 06-17- 2007, an Inmate Sanction/Restriction was written by Officer  V. Miles

Charging inmate Davion Cooper , with a violation of Houston County Jail Rules and Regulations # 11 No I/m will interfere with sheriff Dept. personel, nor will they disobey an order or instructions given by Sheriff Dept personel

The circumstances of the violations are: 2 Weeks loss visitation

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: Not guilty. Minor offense

I wish to appeal the decision because: Mrs Miles simply doesn't like me from things that happen on the street between us. Sir/Mam at the time of the Count I was asleep Theirs two steal boxs under my bunk so how can I fit under there thats impossible. She exaggerates every time she writes me up so this is not the tir **************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY***************

On the  19  day of  June  , 2007, an appeal of the Sanction/Restriction taken against

inmate  Cooper, Davion  was reviewed by  Sb2e  , and the following

action was taken:    APPEAL APPROVED    (APPEAL DISAPPROVED)    OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal: I talked with % Miles & she said she doesn't even know you or what you are talking about. Try again / Follow the rules.

*********************************************************************************************************

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

19  day of  June  , 2007.

_____    INMATE SERVED COPY (YES)
Sb2e
Officer Signature

26 of 44

# Inmate Sanction/Restriction Documentation

Inmate Name: Cooper, DAVIAN    Date: 2-4-07    Inmate Number: 59161

Pod Location: E 2    Pod/Cell Inmate moved to (If applicable): _____

Type of Restriction/Sanction:                           Date to Begin  /  Date to End

| | | | |
|---|---|---|---|
| ____ Wks | ○ | Suspension of Commissary Privileges | _____ / _____ |
| 2 Wks | ✗ | Loss of Visitation Privileges | 02/10-11/07 / 02/17-18/07 |
| ____ Days | ○ | Segregation to Cell | _____ / _____ |
| | ○ | Minimum 72 Hours Cell Restriction | _____ / _____ |
| | ○ | OTHER _____ | |

Note: The Sgt./ASCO must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt within 24 hour. If appeal form is not received with in the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| Richardson | Sgt. Maul 2/5/07 |

During a walk-through of E-Pod Inmate Cooper was found in possesion of 3-extra blankets, 2 extra laundry bags. Inmate is in violation of rule #9.

If an inmate is in possession of county property in excess of what was issued to them, then the county property becomes contraband.

Violation of Rule #9—No inmate will possess or attempt to possess contraband either on his/her person, cell, o der his/her control to include testing positive for drugs or alcohol.

Signature of Sgt./ASCO

Revised 08/2006
W.B. McCarty
Jail Commander
Lt. K. Rocco
Jail Administrator

27 of 44

| CASE# | | ITEM# | DATE | | | ARREST TIME | BOOKING TIME | ☐ ADULT | ☐ IN4 |
|---|---|---|---|---|---|---|---|---|---|
| 06-00 2736 | | 3 | 07 | 27 | 2006 | 0827 | 1748 | | |
| | | | | | | | | ☐ JUVENILE | |

**NAME (LAST, FIRST, MIDDLE)** ALIAS NAMES OR NICKNAMES
Cooper, Davion Reshaud

| ADDRESS | | | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| 701 Tuskegee Ave #30 | | | Dothan | AL | 36303 |

| HOME PHONE | WORK PHONE | DOB | POB | SSN |
|---|---|---|---|---|
| | N/A | 10 01 1987 | Dothan AL | 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 |

| OLN/ID | STATE | RACE | SEX | ETHNIC ORIGIN | HEIGHT | WEIGHT | OCCUPATION |
|---|---|---|---|---|---|---|---|
| ☐ IP | | B | M | B | 5'07" | 130 | N/A |

**EMPLOYER** N/A    **EMPLOYER ADDRESS** N/A

| HAIR COLOR | HAIR LENGTH | HAIR STYLE | EYE COLOR | COMPLEXION | FACIAL HAIR | BUILD |
|---|---|---|---|---|---|---|
| Blk | Short | Afro | Bro | Med | None | Med |

| TEETH | SPEECH | WEAPON HELD | HAND USE | MARITAL STATUS | SOBRIETY |
|---|---|---|---|---|---|
| Normal | Normal | N/A | Lt | Single | Sober |

**CAUTIONS** Elder, 526, 56FA    **RELIGION** Christian

**SCARS, MARKS, TATTOOS**

| SID# | SID# | SID# 06-006076 | FBI# OFFN |
|---|---|---|---|

| RELATED CASE# 06-006494 | SOURCE OFFN | RELATED CASE# 06-00617 | SOURCE TOWH |
|---|---|---|---|
| RELATED CASE# 06-005667 | SOURCE OFFN | RELATED CASE# 06-005901 | SOURCE OFFN |

**VIOLATION LOCATION**

**ARREST LOCATION** 1200 block of Hamilton St. Dothan, Al. 36301    **ZONE** 18

| | CHARGE 1 | | COUNTS | UCR | STATUTE | CLEARED |
|---|---|---|---|---|---|---|
| ☒ ON VIEW / CALL / WARRANT / JPO | Robbery 1st degree | | 3 | 1201 | 13A-08-0041 | |
| ☐ ON VIEW / CALL / WARRANT / JPO | CHARGE 2 | | COUNTS | UCR | STATUTE | CLEARED |
| ☐ ON VIEW / CALL / WARRANT / JPO | CHARGE 3 | | COUNTS | UCR | STATUTE | CLEARED |
| ☐ ON VIEW / CALL / WARRANT / JPO | CHARGE 4 | | COUNTS | UCR | STATUTE | CLEARED |
| ☐ ON VIEW / CALL / WARRANT / JPO | CHARGE 5 | | COUNTS | UCR | STATUTE | CLEARED |

| AW#1 | AW#2 |
|---|---|
| AW#3 | AW#4 |
| AW#5 | AW#6 |
| AW#7 | AW#8 |
| AW#9 | AW#10 |

| ARRESTING OFFICER J. Weed | ID# 474 | SHIFT 3/P | SUPERVISOR/ID# |
|---|---|---|---|

# ALABAMA UNIFORM ARREST REPORT

| | Fingerprinted | R&I Completed |
|---|---|---|
| | [1] Yes | [1] Yes |
| | [2] No | [2] No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

**IDENTIFICATION**

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 0.3.8.0.0.0 | HCSO | 0.6.2.0.9.0.3.6.2 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| Cooper, Davion Reshaud | |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 14 | [1] SCARS | [2] MARKS | [3] TATOOS | [4] AMPUTATIONS |
|---|---|---|---|---|---|---|---|---|---|---|
| [1]M [3]W [9]A [2]F [2]B [3]B | 5'07 | 130 | Bro | Bro | | | | | | |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| Maywood | 2.4.3.1-8.0-1.6.0.8.8 | 4.0.9.1.1.8.7 | 18 | 59161 |

| 20 SID # | 21 FINGERPRINT CLASS   KEY   MAJOR   PRIMARY   SCDV   SUB-SECONDARY   FINAL | 22 DL # | 23 ST |
|---|---|---|---|
| 24 FBI # | HENRY CLASS / NCIC CLASS | 25 IDENTIFICATION COMMENTS | |

| 26 [X] RESIDENT   [2] NON-RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 701 Tuskgee Ecc Apt 30 Dothan A | 034-673-0896 | |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| Unemployed | | ( ) |

**ARREST**

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? [X] YES [ ] NO |
|---|---|---|
| HCSO Jail | 2 DINK 1014 | [1] INSTATE [2] OUT STATE |

| 36 CONDITION OF ARRESTEE: | [1] DRUNK [X] SOBER [2] DRINKING [3] DRUGS | 37 RESIST ARREST? [1] YES [X] NO | 38 INJURIES? [X] NONE [2] OFFICER [3] ARRESTEE | 39 ARMED? [Y] [X] N | 40 DESCRIPTION OF WEAPON [2] HANDGUN [2] RIFLE [3] SHOTGUN [4] OTHER FIREARM [5] OTHER WEAPON |
|---|---|---|---|---|---|

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 0.7.2.8.0.1.6 | 945 [1] AM [2] PM [3] MIL. | [1]S [2]M [3]T [4]W [5]T [6]F [7]S | [1] ON VIEW [2] CALL [3] WARRANT | [1] Y [2] N [3] UNKNOWN |

| 46 CHARGE-1 [1] FEL [2] MISD | 47 UCR CODE | 48 CHARGE-2 [1] FEL [2] MISD | 49 UCR CODE |
|---|---|---|---|
| Robbery 1st | | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED M D Y |
|---|---|---|---|---|---|
| (R 2006 0163) | 0.7.2.8.0.1.6 | | | | |

| 56 CHARGE-3 [1] FEL [2] MISD | 57 UCR CODE | 58 CHARGE-4 [1] FEL [2] MISD | 59 UCR CODE |
|---|---|---|---|

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED M D Y | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED M D Y |
|---|---|---|---|---|---|

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| [1] HELD [2] BAIL [3] RELEASED [4] TOT-LE [5] OTHER | | |
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

**VEHICLE**

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP / BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|
| 78 VIN | | | | 79 IMPOUNDED? [1] YES [2] NO | 80 STORAGE LOCATION/IMPOUND # | | |

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | | | [ ] CONTINUED IN NARRATIVE |
|---|---|---|---|

**JUVENILE**

| 82 JUVENILE DISPOSITION: | [1] HANDLED AND RELEASED [2] REF. TO JUVENILE COURT [3] REF. TO WELFARE AGENCY [4] REF. TO OTHER POLICE AGENCY [5] REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|
| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |

**RELEASE**

| 91 DATE AND TIME OF RELEASE M D Y : | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| [1] AM [2] PM [3] MIL. | | | |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE [1] YES [2] NO [3] PARTIAL | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| No Bond |

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | LOCAL USE / STATE USE |
|---|---|---|

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE [Y] [N] |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR ID # | 116 WATCH CMDR. ID # |
|---|---|---|---|---|---|
| Clammons, Richard | 9814 | | | | |

**TYPE OR PRINT IN BLACK INK ONLY**

ACJIC—34 REV. 10-90

29 of 44

59161

ACRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2006 001409.00
JUDGE ID:  LKA

STATE OF ALABAMA                    VS    COOPER DAVIAN RESHAUD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|

1/17/07  **Motion to reduce Bond ( D. Hogg)**

1/25/07  Motion to reduce bond is set for hearing January 26, 2007
         at 9:00 a.m.
                                    _Larry K. Anderson, Judge_

1-26-07  After hearing motion to reduce bond is denied.
         There are four separate charges for Robbery 1st
         involving a firearm. The Court considers him
         a danger to the public.
                                         Anderson, Judge

Feb 1, 2007  N. DA, D. Hogg, HCJAIL   — DF

ACRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2006 001410.00
JUDGE ID:  LKA

STATE  OF  ALABAMA                    VS    COOPER DAVIAN RESHAUD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 1/17/07 | MOTION TO reduce Bond ( D. Hogg ) |
| 1/25/07 | Motion to reduce bond is set for hearing January 26, 2007 at 9:00 a.m. |
|  | Jerry K. Anderson, Judge |
| 1-26-2007 | Bond reduction denied. See order in CC-06-1409 cow |
| Feb1, 2007 | N: DA, D.Hogg, HCJAIL -VY |

ACRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N    C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2006 001411.00
JUDGE ID: LKA

STATE OF ALABAMA                    VS    COOPER DAVIAN RESHAUD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|



1/17/07  MOTION to reduce Bond ( D. Hogg )

1/25/07  Motion to reduce bond is set for hearing January 26, 2007 at 9:00 a.m.
         Jay K. Anderson, Judge

1-26-2007  Bond reduction denied. See order CC-06-1409

FEB 1, 2007  N. A., D. HOGG, HCJAIL  —  CAW

ACRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2006 001412.00
JUDGE ID:  LKA

STATE OF ALABAMA                  VS    COOPER DAVIAN RESHAUD

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 1/17/07 | MOTION to reduce Bond ( D. Hogg ) |
| 1/25/07 | Motion to reduce bond is set for hearing January 26, 2007 at 9:00 a.m. |
| | _Larry K. Anderson, Judge_ |
| 1-26-07 | Bond reduction denied. See Order in CC-06-1409 |
| FEB. 1, 2007 | N: DA, D. HOGG, HOJAIL - VT                    COW |

HCJAIL

591601
01-02-07

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2006 001412.00
OPER: MAF                     CASE ACTION SUMMARY
PAGE:  1                      CIRCUIT   CRIMINAL                 RUN DATE: 11/07/2006
================================================================================
IN THE CIRCUIT COURT OF   HOUSTON                                   JUDGE: LKA

STATE  OF  ALABAMA                 VS         COOPER DAVIAN RESHAUD
                                              701 TUSKEGEE AVE APT 30
CASE: CC 2006 001412.00                       DOTHAN, AL  36303 0000

DOB: 10/01/1987        SEX: M   RACE: B  HT: 5 07  WT: 130   HR:       EYES: BRO
SSN: 343806088   ALIAS NAMES:
--------------------------------------------------------------------------------
CHARGE01: ROBBERY 1ST           CODE01:  ROB1  LIT: ROBBERY 1ST    TYP: F #: 001
OFFENSE DATE: 07/11/2006                  AGENCY/OFFICER: 0380000 J BRAZI

DATE WAR/CAP ISS:                        DATE ARRESTED: 07/28/2006
DATE      INDICTED: 10/31/2006           DATE      FILED: 11/07/2006
DATE      RELEASED:                       DATE    HEARING:
BOND       AMOUNT:      $500,000.00        SURETIES:

DATE 1: 12/13/2006   DESC: ARRG           TIME: 0900 A
DATE 2: 02/12/2007   DESC: JTRL           TIME: 0830 A
TRACKING NOS: DC 2006 002389 00   /                    /
   DEF/ATY:                         TYPE:                      TYPE:

                       00000                           00000

PROSECUTOR: VALESKA DOUGLAS A
================================================================================
OTH CSE: DC200600238900 CHK/TICKET NO: WR2006016313    GRAND JURY: 117-10/06
COURT REPORTER:                    SID NO:   000000000
DEF STATUS: JAIL                   DEMAND: Y                     OPER: MAF
--------------------------------------------------------------------------------
DATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
--------------------------------------------------------------------------------
```

| | |
|---|---|
| 12-13-06 | Youthful Offender application filed. Hearing set for February 9, 2007 at 1:00 am |
| | _Larry K. Anderson, Judge_ |

RECIPROCAL DISCOVERY ORDER

12-13 , 20 06

Within 14 days of this order, the State and Defendant will make
available for inspection and copying all materials discoverable under
the Alabama Rules of Criminal Procedure. In addition , the ... will
make any exculpatory materials available to the defense. The State
will make its materials available at the District Attorney's office
and the defense will do likewise at defense counsel's office.

_Larry K. Anderson, Judge_
CIRCUIT JUDGE

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2006 001411.00
OPER: MAF                       CASE ACTION SUMMARY
PAGE:  1                        CIRCUIT  CRIMINAL               RUN DATE: 11/07/2006
==================================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                    JUDGE: LKA

STATE  OF  ALABAMA                    VS       COOPER DAVIAN RESHAUD
                                               701 TUSKEGEE AVE APT 30
CASE: CC 2006 001411.00
                                               DOTHAN, AL  36303 0000

DOB: 10/01/1987          SEX: M  RACE: B  HT: 5 07  WT: 130   HR:        EYES: BRO
SSN: 343806088  ALIAS NAMES:
==================================================================================
CHARGE01: ROBBERY 1ST          CODE01: ROB1  LIT: ROBBERY 1ST    TYP: F #: 001
OFFENSE DATE: 07/08/2006                  AGENCY/OFFICER: 0380100 T LUKER

DATE WAR/CAP ISS:                         DATE ARRESTED: 07/27/2006
DATE    INDICTED: 10/31/2006              DATE    FILED: 11/07/2006
DATE    RELEASED:                         DATE  HEARING:
BOND      AMOUNT:          $.00 N         SURETIES:

DATE 1: 12/13/2006  DESC: ARRG            TIME: 0900 A
DATE 2: 02/12/2007  DESC: JTRL            TIME: 0830 A

TRACKING NOS: DC 2006 002374 00  /                        /

   DEF/ATY:                       TYPE:                          TYPE:

                        00000                           00000

PROSECUTOR: VALESKA DOUGLAS A
==================================================================================
OTH CSE: DC200600237400 CHK/TICKET NO: WR2006016316    GRAND JURY: 110-10/06
COURT REPORTER:                 SID NO:    000000000
DEF STATUS: JAIL                DEMAND: Y                        OPER: MAF
==================================================================================
DATE       ACTIONS, JUDGEMENTS,  AND  NOTES
==================================================================================
```

12-13-06  *Youthful Offender application filed. Hearing set for February 9, 2007 at 9:00 a.m.*

*Larry K. Anderson, Judge*

**RECIPROCAL DISCOVERY ORDER**

12-13-, 20 06

Within 14 days of this order, the State and Defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure. In addition, the State will make any exculpatory materials available to the defense. The State will make its materials available at the District Attorney's office and the defense will do likewise at defense counsel's office.

CIRCUIT JUDGE *Larry K. Anderson, Judge*

35 of 44

```
ACRO372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2006 001410.00
OPER: MAF                     CASE ACTION SUMMARY
PAGE: 1                         CIRCUIT   CRIMINAL               RUN DATE: 11/07/2006
========================================================================================
IN THE CIRCUIT COURT OF  HOUSTON                                            JUDGE: LKA

STATE  OF  ALABAMA                    VS      COOPER DAVIAN RESHAUD
                                              701 TUSKEGEE AVE APT 30
CASE: CC 2006 001410.00
                                              DOTHAN, AL   36303 0000

DOB: 10/01/1987          SEX: M  RACE: B  HT: 5 07  WT: 130   HR:        EYES: BRO
SSN: 343806088  ALIAS NAMES:
----------------------------------------------------------------------------------------
CHARGE01: ROBBERY 1ST              CODE01:  ROB1  LIT: ROBBERY 1ST   TYP: F #: 001
OFFENSE DATE: 06/30/2006                     AGENCY/OFFICER: 0380100 T LUKER
----------------------------------------------------------------------------------------
DATE WAR/CAP ISS:                           DATE ARRESTED: 07/27/2006
DATE    INDICTED: 10/31/2006                DATE     FILED: 11/07/2006
DATE    RELEASED:                           DATE   HEARING:
BOND     AMOUNT:       $500,000.00          SURETIES:

DATE 1: 12/13/2006  DESC: ARRG               TIME: 0900 A
DATE 2: 02/12/2007  DESC: JTRL               TIME: 0830 A

TRACKING NOS: DC 2006 002373 00  /                      /

   DEF/ATY:                          TYPE:                        TYPE:

                        00000                           00000

PROSECUTOR: VALESKA DOUGLAS A
========================================================================================
OTH CSE: DC200600237300 CHK/TICKET NO: WR2006016315     GRAND JURY: 109-10/06
COURT REPORTER:                    SID NO: 000000000
DEF STATUS: JAIL                   DEMAND: Y                         OPER: MAF
========================================================================================
DATE           ACTIONS, JUDGEMENTS, AND NOTES
========================================================================================
```

| 12-13-06 | Youthful Offender application |
|---|---|
| | filed. Hearing set for 2-9-07 |
| | at 9:00. |
| | *Terry K. Anderson, Judge* |
| | RECIPROCAL DISCOVERY ORDER |
| | 12-13, 20 06 |
| | ...14 days of this order, the State and Defendant will make |
| | ...ble for inspection and copying all materials discoverable under |
| | ...Alabama Rules of Criminal Procedure. In addition, the State will |
| | ...ake any exculpatory materials available to the defense. The State |
| | will make its materials available at the District Attorney's office |
| | and the defense will do likewise at defense counsel's office. |
| | *Terry K. Anderson, Judge* |
| | CIRCUIT JUDGE |

36 of 44

```
ACRO372                    ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2006 001409.00
OPER: MAF                      CASE ACTION SUMMARY
PAGE:   1                        CIRCUIT  CRIMINAL
==================================================================================  RUN DATE: 11/07/2006
IN THE CIRCUIT COURT OF  HOUSTON
                                                                            JUDGE: LKA
STATE  OF  ALABAMA                  VS       COOPER DAVIAN RESHAUD
CASE: CC 2006 001409.00                       701 TUSKEGEE AVE APT 30
                                              DOTHAN, AL  36303 0000
DOB: 10/01/1987           SEX: M  RACE: B  HT: 5 07  WT: 130    HR:       EYES: BRO
SSN: 343806088  ALIAS NAMES:
CHARGE01: ROBBERY 1ST              CODE01: ROB1  LIT: ROBBERY 1ST     TYP: F #: 001
OFFENSE DATE: 07/14/2006                    AGENCY/OFFICER: 0380100 T LUKER
DATE WAR/CAP ISS:
DATE    INDICTED: 10/31/2006               DATE ARRESTED: 07/27/2006
DATE    RELEASED:                          DATE    FILED: 11/07/2006
BOND    AMOUNT:      $500,000.00           DATE HEARING:
                                                SURETIES:
DATE 1: 12/13/2006  DESC: ARRG
DATE 2: 02/12/2007  DESC: JTRL             TIME: 0900 A
                                           TIME: 0830 A
TRACKING NOS: DC 2006 002372 00   /                     /
   DEF/ATY:                         TYPE:                         TYPE:
                      00000                        00000
PROSECUTOR: VALESKA DOUGLAS A
==================================================================================
OTH CSE: DC200600237200 CHK/TICKET NO: WR2006016314     GRAND JURY: 108-10/06
COURT REPORTER:                    SID NO:    000000000
DEF STATUS: JAIL              DEMAND: Y                        OPER: MAF
DATE        ACTIONS,  JUDGEMENTS,  AND  NOTES
==================================================================================
```

| 12-13-06 | Youthful Offender application filed. Hearing set for February 9, 2007 at 9:00 am |

*Larry K. Anderson, Judge*

**RECIPROCAL DISCOVERY ORDER**

12-13, 20 06

Within 14 days of this order, the State and Defendant will make available for inspection and copying all materials discoverable under the Alabama Rules of Criminal Procedure. In addition, the State will make any exculpatory materials available to the defense. The State will make its materials available at the District Attorney's office and the defense will do likewise at defense counsel's office.

*Larry K. Anderson, Judge*

CIRCUIT JUDGE

37 of 44

```
ACRO372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2006 002372.00
OPER: AMI                   CASE ACTION SUMMARY
PAGE:  1                    DISTRICT  CRIMINAL                  RUN DATE: 07/28/2006
===================================================================================
IN THE DISTRICT COURT OF  HOUSTON                                         JUDGE: LKA

STATE  OF  ALABAMA               VS        COOPER DAVIAN RESHAUD
                                           701 TUSKEGEE AVE #30
CASE: DC 2006 002372.00
                                           DOTHAN, AL  36303 0000

DOB: 10/01/1987        SEX: M  RACE: B  HT: 5 07  WT: 130    HR:       EYES: BRO
SSN: 343806088  ALIAS NAMES:
===================================================================================
CHARGE01: ROBBERY 1ST           CODE01: ROB1  LIT: ROBBERY 1ST   TYP: F #: 001
OFFENSE DATE: 07/14/2006        AGENCY/OFFICER: 0380100 T LUKER

DATE WAR/CAP ISS:               DATE ARRESTED: 07/27/2006
DATE      INDICTED:             DATE     FILED: 07/28/2006
DATE     RELEASED:  $500000.00  DATE   HEARING:
BOND      AMOUNT:        $.00 N      SURETIES:

DATE 1: 07/28/2006  DESC: APPD     TIME: 0200 P
DATE 2:             DESC:          TIME: 0000

TRACKING NOS: WR 2006 016314 00  /                    /

DEF/ATY: Hon. John Steensland III   TYPE (C) W/D         TYPE:
         Hon. Eric Davis             (C) W/D
                            00000                    00000
PROSECUTOR:
===================================================================================
OTH CSE: WR200601631400 CHK/TICKET NO: WR2006016314    GRAND JURY: 108-10
COURT REPORTER:             SID NO:    000000000
DEF STATUS: JAIL            DEMAND:                    OPER: AMI
===================================================================================
DATE      ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/28/2006 | Deft. advised of rights. Hon. John Steensland III appt. as counsel. A bail hearing is set for Wed. August 2, 2006 @ 2:00 |
| 7/31/2006 | Copy CAS/warrant to atty. Copy to DA. Jail |
| 7-31-06 | Hon. John Steensland III withdrawn from case as William White was appt. to represent Brandon Cooper deft. brother. Hon. Eric Davis appt. Clerk to notify. Brad Mendheim, JUDGE |
| 8-1-2006 | Copy CAS/warrant to E. Davis ; Copy CAS to J Steensland III |
| 8-1-2006 | Motion to Withdraw filed by Hon. John Steensland III |
| 8-2-2006 | after a hearing and considering arguments of counsel. Bail set at $500,000.00 on each case. JUDGE |

```
ACRO372                 ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2006 002373.00
OPER: AMI                     CASE ACTION SUMMARY
PAGE:    1                    DISTRICT   CRIMINAL               RUN DATE: 07/28/2006
=========================================================================================
IN THE DISTRICT COURT OF  HOUSTON
                                                                        JUDGE: LKA
STATE  OF  ALABAMA                    VS       COOPER DAVIAN RESHAUD
                                               701 TUSKEGEE AVE #30
CASE: DC 2006 002373.00
                                               DOTHAN, AL  36303 0000
DOB: 10/01/1987          SEX: M  RACE: B  HT: 5 07  WT: 130  HR:        EYES: BRO
SSN: 343806088  ALIAS NAMES:
=========================================================================================
CHARGE01: ROBBERY 1ST          CODE01: ROB1 LIT: ROBBERY 1ST   TYP: F #: 001
OFFENSE DATE: 06/30/2006               AGENCY/OFFICER: 0380100 T LUKER
DATE WAR/CAP ISS:                      DATE ARRESTED: 07/27/2006
DATE    INDICTED:         $500,000.00  DATE    FILED: 07/28/2006
DATE    RELEASED:           $.00 N     DATE    HEARING:
BOND      AMOUNT:                      SURETIES:
DATE 1: 07/28/2006  DESC: APPD         TIME: 0200 P
DATE 2:             DESC:              TIME: 0000
TRACKING NOS: WR 2006 016315 00  /                     /
    DEF/ATY: Hon. John Steensland III  TYPE: (C)W/D                    TYPE:
             Hon. Eric Davis   00000   (C) W/D          00000
PROSECUTOR:
=========================================================================================
OTH CSE: WR200601631500 CHK/TICKET NO: WR2006016315   GRAND JURY: 109-10
COURT REPORTER:            SID NO:    000000000
DEF STATUS: JAIL           DEMAND:                           OPER: AMI
DATE       ACTIONS, JUDGEMENTS, AND NOTES
```

| | |
|---|---|
| 7/28/2006 | Defendant advised of rights. Hon. John Steensland, III appt. as counsel. Bail hearing is set for Wed, August 2, 2006 @ 2:00 |
| 7/31/2006 | Copy CAS/warrant to atty; copy CAS to DA & jail |
| 7/31/2006 | Hon. John Steensland III withdrawn from case as Hon. William White was appt. to represent Brandon Cooper (deft's brother). Hon. Eric Davis appt. Clerk to notify. ____, JUDGE |
| 8-1-2006 | Copy CAS/warrant to E. Davis; copy CAS to J. Steensland III |
| 8-1-2006 | Motion to withdraw filed by Hon. John Steensland III |
| 8-2-2006 | After a hearing and considering arguments of counsel, bail set at $500,000.00 on each case. ____, JUDGE |
| 8-2-2006 | Hon. Eric Davis states to the court that he represents a co-deft. - Motion to withdraw is granted ____, JUDGE |

39 of 44

```
ACRO372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2006 002374.00
OPER: AMI                        CASE ACTION SUMMARY
PAGE:    1                        DISTRICT   CRIMINAL              RUN DATE: 07/28/2006
=====================================================================================
IN THE DISTRICT COURT OF  HOUSTON                                        JUDGE: LKA

STATE  OF  ALABAMA                 VS      COOPER DAVIAN RESHAUD
                                           701 TUSKEGEE AVE #30
CASE: DC 2006 002374.00
                                           DOTHAN, AL  36303 0000

DOB: 10/01/1987        SEX: M  RACE: B  HT: 5 07  WT: 130  HR:        EYES: BRO
SSN: 343806088  ALIAS NAMES:
=====================================================================================
CHARGE01: ROBBERY 1ST           CODE01: ROB1  LIT: ROBBERY 1ST    TYP: F #: 001
OFFENSE DATE: 07/08/2006                 AGENCY/OFFICER: 0380100 T LUKER

DATE WAR/CAP ISS:                        DATE ARRESTED: 07/27/2006
DATE    INDICTED:                        DATE    FILED: 07/28/2006
DATE    RELEASED:                        DATE  HEARING:
BOND       AMOUNT:          $.00 N       SURETIES:

DATE 1: 07/28/2006  DESC: APPD           TIME: 0200 P
DATE 2:             DESC:                 TIME: 0000

TRACKING NOS: WR 2006 016316 00  /                       /
   DEF/ATY: Hon. John Steensland III    TYPE: (X) W/D                 TYPE:
            Hon. Eric Davis      00000  (X) W/D              00000
PROSECUTOR:
=====================================================================================
OTH CSE: WR200601631600 CHK/TICKET NO: WR2006016316      GRAND JURY: 110-10
COURT REPORTER:————————————————— SID NO:      000000000
DEF STATUS: JAIL————————————————— DEMAND:                        OPER: AMI
DATE           ACTIONS,  JUDGEMENTS,  AND  NOTES
=====================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/28/2006 | Deft. adv. of rights. Hon. John Steensland III |
| 07/28/06 | appt. as counsel. at bail hearing is set for Wed. August 2, 2006 @ 2:00 P.U. |
| 7/31/2006 | Copy CAS/warrant to city ; copy CAS to DA and Jail. |
| 07-31-06 | |
| 7/31/2006 | Hon. John Steensland III withdrawn from case as Hon. William White was appt. to represent Brandon Cooper (deft's brother) Hon. Eric Davis appt. Clerk to notify. |
| | _____, JUDGE |
| 0-1-2006 | Copy CAS/warrant to E. Davis ; copy CAS to J. Steensland III |
| 0-1-2006 | Motion to withdraw filed by Hon. John Steensland III |
| 0-2-2006 | After a hearing and considering arguments of counsel Bail set at $500,000.00 on each case. _____, JUDGE |
| 8/2/2006 | Hon. Eric Davis states to the court that he represents a co-deft. - Motion to Withdraw is granted _____, JUDGE |

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: DC 2006 002389.00
OPER: AMI                    CASE ACTION SUMMARY
PAGE:   1                    DISTRICT  CRIMINAL                RUN DATE: 07/31/2006
==================================================================================
IN THE DISTRICT COURT OF  HOUSTON                                    JUDGE: LKA

STATE  OF  ALABAMA                    VS       COOPER DAVIAN RESHAUD
                                               701 TUSKEGEE AVE #30
CASE: DC 2006 002389.00
                                               DOTHAN, AL   36303 0000
DOB: 10/01/1987          SEX: M  RACE: B  HT: 5 07  WT: 130   HR:      EYES: BRO
SSN: 343806088  ALIAS NAMES:
==================================================================================
CHARGE01: ROBBERY 1ST          CODE01: ROB1  LIT: ROBBERY 1ST  TYP: F #: 001
OFFENSE DATE: 07/11/2006              AGENCY/OFFICER: 0380000 J BRAZI
DATE WAR/CAP ISS:                    DATE ARRESTED: 07/28/2006
DATE   INDICTED:           $500,000.00  DATE   FILED: 07/31/2006
DATE   RELEASED:                     DATE  HEARING:
BOND     AMOUNT:           $.00 N        SURETIES:
DATE 1: 07/31/2006  DESC: APPD        TIME: 0200 P
DATE 2:             DESC:             TIME: 0000
TRACKING NOS: WR 2006 016313 00  /                    /
   DEF/ATY: Hon. Eric Davis          TYPE (e) W/D                  TYPE:
                         00000                              00000
PROSECUTOR:
==================================================================================
OTH CSE: WR200601631300 CHK/TICKET NO: WR2006016313    GRAND JURY: 117-10
COURT REPORTER:                  SID NO:  000000000
DEF STATUS: JAIL                 DEMAND:                        OPER: AMI
==================================================================================
DATE          ACTIONS,  JUDGEMENTS,  AND  NOTES
==================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/31/2006 | Deft. adv. of rights; Hon. Eric Davis appt. counsel for deft. |
| | B. Mullen, Jr. |
| 7/31/2006 | copy chg/warrant to atty. |
| 8/2/2006 | after a hearing and considering arguments of counsel. Bail set at $500,000.00 on each case. _____ JUDGE |
| 8-2-2006 | Hon. Eric Davis states to the court that he represents a co-deft. - Motion to withdraw is granted. _____ JUDGE |

41 of 44

5 9161
Copies to Doc @
08-01-06

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2006 002374.00
OPER: AMI               CASE ACTION SUMMARY
PAGE:    1               DISTRICT   CRIMINAL                 RUN DATE: 07/28/2006
==================================================================================
IN THE DISTRICT COURT OF  HOUSTON                                    JUDGE: LKA
```

STATE  OF  ALABAMA                VS      COOPER DAVIAN RESHAUD
                                          701 TUSKEGEE AVE #30
CASE: DC 2006 002374.00
                                          DOTHAN, AL  36303 0000

```
DOB: 10/01/1987         SEX: M  RACE: B  HT: 5 07  WT: 130   HR:      EYES: BRO
SSN: 343806088  ALIAS NAMES:
==================================================================================
CHARGE01: ROBBERY 1ST          CODE01: ROB1  LIT: ROBBERY 1ST    TYP: F #: 001
OFFENSE DATE: 07/08/2006              AGENCY/OFFICER: 0380100 T LUKER
```

```
DATE WAR/CAP ISS:                    DATE ARRESTED: 07/27/2006
DATE    INDICTED:                    DATE    FILED: 07/28/2006
DATE    RELEASED:                    DATE  HEARING:
BOND     AMOUNT:          $.00 N       SURETIES:
```

```
DATE 1: 07/28/2006   DESC: APPD       TIME: 0200 P
DATE 2:              DESC:            TIME: 0000
```

TRACKING NOS: WR 2006 016316 00  /                      /

DEF/ATY: Hon. John Steensland III     TYPE (C)                    TYPE:
                            00000                              00000

PROSECUTOR:

```
==================================================================================
OTH CSE: WR2006601631600 CHK/TICKET NO.: WR2006016316      GRAND JURY: 110-10
COURT REPORTER:                    SID NO.:   000000000
DEF STATUS: JAIL                   DEMAND:                     OPER: AMI
==================================================================================
DATE           ACTIONS, JUDGEMENTS,  AND  NOTES
==================================================================================
```

| | |
|---|---|
| 7/28/2006 | Deft. adv. of rights. Hon. John Steensland III |
| 7/28/06 | appt. as counsel. a Bail Hearing is set for |
| | Wed. August 2, 2006 @ 2.00 P.W. |

gail

42 of 44

```
ACRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2006 002373.00
OPER: AMI                    CASE ACTION SUMMARY
PAGE:   1                    DISTRICT   CRIMINAL              RUN DATE: 07/28/2006
===============================================================================
IN THE DISTRICT COURT OF  HOUSTON                                   JUDGE: LKA

STATE  OF  ALABAMA                  VS      COOPER DAVIAN RESHAUD
                                            701 TUSKEGEE AVE #30
CASE: DC 2006 002373.00
                                            DOTHAN, AL  36303 0000

DOB: 10/01/1987         SEX: M  RACE: B  HT: 5 07  WT: 130  HR:     EYES: BRO
SSN: 343806088  ALIAS NAMES:
===============================================================================
CHARGE01: ROBBERY 1ST         CODE01: ROB1  LIT: ROBBERY 1ST   TYP: F #: 001
OFFENSE DATE: 06/30/2006             AGENCY/OFFICER: 0380100 T LUKER

DATE WAR/CAP ISS:                    DATE ARRESTED: 07/27/2006
DATE     INDICTED:                   DATE    FILED: 07/28/2006
DATE    RELEASED:                    DATE  HEARING:
BOND      AMOUNT:          $.00 N     SURETIES:

DATE 1: 07/28/2006   DESC: APPD         TIME: 0200 P
DATE 2:              DESC:              TIME: 0000
TRACKING NOS: WR 2006 016315 00  /                    /
    DEF/ATY: Hon. John Steensland III  TYPE:(C)               TYPE:
                              00000                       00000
PROSECUTOR:

===============================================================================
OTH CSE: WR200601631500 CHK/TICKET NO: WR2006016315    GRAND JURY: 109-10
COURT REPORTER:                    SID NO:    000000000
DEF STATUS: JAIL                   DEMAND:                      OPER: AMI
DATE         ACTIONS, JUDGEMENTS,  AND  NOTES
===============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 7/28/2006 | Defendant advised of rights. Hon. John Steensland, III appt. as counsel. A Bond hearing is set for Wed. August 2, 2006 @ 2:00 [signature] |

```
ACRO372                  ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: DC 2006 002372.00
OPER: AMI                      CASE ACTION SUMMARY
PAGE:   1                        DISTRICT CRIMINAL
=================================================================== RUN DATE: 07/28/2006
IN THE DISTRICT COURT OF HOUSTON
                                                                        JUDGE: LKA
STATE   OF   ALABAMA                   VS      COOPER DAVIAN RESHAUD
CASE: DC 2006 002372.00                        701 TUSKEGEE AVE #30
                                               DOTHAN, AL  36303 0000
DOB: 10/01/1987          SEX: M  RACE: B  HT: 5 07  WT: 130   HR:      EYES: BRO
SSN: 343806088   ALIAS NAMES:
CHARGE01: ROBBERY 1ST           CODE01: ROB1  LIT: ROBBERY 1ST    TYP: F #: 001
OFFENSE DATE: 07/14/2006                      AGENCY/OFFICER: 0380100 T LUKER
DATE WAR/CAP ISS:
DATE     INDICTED:                            DATE ARRESTED: 07/27/2006
DATE     RELEASED:                            DATE   FILED: 07/28/2006
BOND       AMOUNT:         $.00 N             DATE HEARING:
                                              SURETIES:
DATE 1: 07/28/2006   DESC: APPD
DATE 2:              DESC:                     TIME: 0200 P
                                              TIME: 0000
TRACKING NOS: WR 2006 016314 00   /                       /
     DEF/ATY:  Hon. John Steensland III  TYPE (C)                   TYPE:
                          00000                            00000
PROSECUTOR:
===============================================================================
OTH CSE: WR200601631400 CHK/TICKET NO: WR2006016314
COURT REPORTER:                    SID NO:                GRAND JURY: 108-10
DEF STATUS: JAIL                   DEMAND:      000000000
                                                           OPER: AMI
===============================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| | |
|---|---|
| 7/28/2006 | Deft. advised of rights. Hon. John Steensland III |
| SRK? 7/28/06 | appt. as counsel. A Bail Hearing is set for |
| | Wed. August 2, 2006 @ 2:00 |